■ Brenda Brown et al., Respondents, v 303 West 42nd Street Realty Corp. et al., Appellants, et al., Defendant. [658 NYS2d 308] —Order of the Supreme Court, New York County (Diane Lebedeff, J.), entered January 11, 1996, which, *inter alia*, struck defendants' answer and denied defendants' cross-motion to dismiss the complaint for plaintiffs' failure to prosecute, is unanimously modified, on the law and facts, solely to the extent of vacating that portion of the order striking defendants' answer, and otherwise affirmed, with costs and disbursements payable to defendants-appellants.

In its order, the IAS Court made its determination striking the defendants' answer after noting that upon a hearing before the Special Master, the motion was adjourned upon the court's direction to produce material relating to a witness provided by defendants for deposition, and noting that on the return date no such material was produced.

An order of any court with regard to the disposition of a motion "shall be in writing and shall be the same in form whether

made by a court or a judge out of court" (CPLR 2219 [a]). It has been stated that the absence of such orders in the record "tends to frustrate a litigant's statutorily provided right of appeal from an intermediate order" (*Matter of Grisi v Shainswit*, 119 AD2d 418, 421). Here, the IAS Court incorrectly based its determination on the purported Special Master's directive at a hearing on November 27, 1995, when there was neither a written order nor the transcript of the proceeding reflecting such an order before the court. Under the circumstances, there is no basis upon which this Court may make a determination regarding the substance of the Special Master's directive, whether defendants breached that order and whether the IAS Court improvidently exercised its discretion in granting the drastic remedy of striking defendants' answer based upon this purported order. "Since there was no willful disobedience of a prior court order respecting discovery, and since there was no willful disobedience of a specific notice for discovery, the sanction imposed by the Supreme Court pursuant to CPLR 3126 was unwarranted as a matter of law, and *a fortiori*, as a matter of discretion" (*American Reliance Ins. Co. v National Gen. Ins. Co.*, 174 AD2d 591, 592). Concur—Milonas, J. P., Ellerin, Wallach and Nardelli, JJ.