[735 NYS2d 503]

ELAINE JOHNSON et al., Appellants, v SAM MINSKOFF & SONS, INC., et al., Respondents.

First Department, December 20, 2001

## APPEARANCES OF COUNSEL

*Lynn R. Kotler* of counsel (*Ruth M. Pollack* on the brief; *Pollack & Kotler,* attorneys), for appellants.

*Courtney M. Robbins* of counsel (*David H. Motola* on the brief; *Motola Klar Dinowitz & Carfora, LLP,* attorneys), for International Service Systems, Inc., respondent.

*Kurt E. Lundgren* of counsel (*La Sorsa & Beneventano,* attorneys), for the remaining respondents.

## OPINION OF THE COURT

ELLERIN, J.

This appeal from the dismissal of a complaint pursuant to both CPLR 3404 and CPLR 3216 presents us with the occasion to consider the overlap between the two rules and to hold, in accord with the Appellate Division, Second Department (*see, Lopez v Imperial Delivery Serv.,* 282 AD2d 190 [Feuerstein, J.], *lv dismissed* 96 NY2d 937), that CPLR 3404 should not be applied to cases in which a note of issue has not been filed. For the reasons that follow, neither CPLR 3404 nor CPLR 3216 provided a proper basis for the dismissal of the complaint in this case.

Plaintiffs commenced this action on November 3, 1993, after plaintiff Elaine Johnson allegedly was injured in a fall down a flight of stairs on premises owned by defendant Minskoff. At a preliminary conference in June 1995, plaintiffs were directed to file a note of issue by July 13, 1996 (Richard Lowe, III, J.). They were unable to do so because defendants failed to comply with their discovery requests, and on October 21, 1996, plaintiffs moved to strike Minskoff's answer for failure to produce a witness for deposition. After adjourning the motion at Minskoff's request, plaintiffs agreed to withdraw it on February 19, 1997, in a stipulation "so ordered" by Justice Lowe, in which Minskoff agreed to a new discovery schedule and plaintiffs reserved the right to depose additional Minskoff witnesses if necessary after review of the Minskoff discovery. There was no reference in this stipulation to a deadline for the filing of the note of issue.

On January 14, 1998, Minskoff moved to dismiss the action pursuant to CPLR 3216, on the ground that plaintiffs had failed

to comply with a 90-day notice to resume prosecution of the matter and had failed to respond to Minskoff's notices for discovery and inspection. Defendant ISS cross-moved for the same relief on the same basis. By order dated April 1, 1998, the motion court (Lorraine Miller, J.) denied all motions and cross motions as moot, declaring that the action had been "marked off" on January 20, 1998, because of plaintiffs' failure to file a note of issue, and warning that it would not entertain a restoration motion until all discovery was complete and a note of issue was ready to be filed.

On October 7, 1999, Minskoff again moved pursuant to CPLR 3216 to dismiss the action for failure to prosecute. ISS cross-moved for the same relief, adding that, as more than one year had elapsed since the action had been marked off the calendar, it should be dismissed pursuant to CPLR 3404. The court dismissed the complaint pursuant to both rules.

CPLR 3404 provides:

> "A case in the supreme court or a county court marked 'off' or struck from the calendar or unanswered on a clerk's calendar call, and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute. The clerk shall make an appropriate entry without the necessity of an order."

We hold, in accord with *Lopez* (*supra*, 282 AD2d 190), that the calendar contemplated by this rule is the trial calendar, and that the rule is not applicable to cases that have not yet been placed on that calendar, i.e., cases in which no note of issue has been filed. Justice Feuerstein's thorough analysis of the interplay among CPLR 3404, CPLR 3216 and Uniform Rules for Trial Courts (22 NYCRR) § 202.27 and the purpose of the Individual Assignment System demonstrates that CPLR 3404 was intended not as a means by which to expedite the completion of discovery but as a tool for controlling the trial calendar (*id.* at 193-199; *see also*, 110 Siegel's Practice Review [June 2001]).

In brief, according to *Lopez*, the history of CPLR 3404, which was derived from a rule that specifically referred to the "trial term" or "special term" calendar, and its chronological placement in the statutory scheme—i.e., immediately following the procedures for filing a note of issue (CPLR 3402) and for seeking a trial preference (CPLR 3403)—demonstrate that CPLR 3404 governs cases marked off a trial calendar only. The

language of CPLR 3216 (want of prosecution) requiring the service of a 90-day demand to file a note of issue demonstrates that CPLR 3216 is intended to apply to cases not yet on the trial calendar. Given that language referring to the striking and restoration of cases in the pre-trial phase was eliminated from 22 NYCRR 202.27 (defaults) as a result of the implementation of the Individual Assignment System (IAS), and that that system was intended to encourage trial court control of cases and promote the disposition of cases within reasonable periods of time, it can be inferred that marking a case off before a note of issue is filed is not consistent with the purpose of the IAS.

In practice, as the Court points out in *Lopez*, a case marked off pursuant to CPLR 3404 and dismissed after one year may be restored to the trial calendar even after several years of inactivity. If the case was already on the calendar when it was marked off, then upon restoration it will proceed to trial immediately without further delay. But if the case had been marked off before it had even reached the trial calendar, then the trial would be further delayed by the completion of outstanding discovery with attendant motion practice. Thus, far from bringing discovery to an end as quickly as possible, marking a case off or striking a case during discovery encourages inaction by the parties and ultimately leads to unnecessary motion practice, loss of valuable time for discovery, and a waste of judicial resources.

As the Court observes in *Lopez*, the more effective means of goading inactive parties to complete discovery are CPLR 3216 and 22 NYCRR 202.27; there is also CPLR 3126 (penalties for refusal to comply with order to disclose). Restoration of a case dismissed pursuant to either CPLR 3216 or 22 NYCRR 202.27 may be sought by motion pursuant to CPLR 5015 (a) (1) (relief from judgment or order). Since CPLR 5015 (a) (1) by its terms provides that such a motion be made within one year after service of the order or judgment entered upon the default, the delay in a case dismissed pursuant to CPLR 3216 or 22 NYCRR 202.27 will ordinarily be at most one year. Of course, a court has the discretionary power to vacate a default even after the year has expired (*see, e.g., State of New York v Kama*, 267 AD2d 225 [vacating a default judgment in the interest of justice, where defendant established a reasonable excuse for default and a meritorious defense]; *see also*, Siegel, NY Prac § 108, at 187 [3d ed] ["but if the year has expired the excuse for the default had best be all the more compelling"]).

In view of the inapplicability of CPLR 3404 to cases in which no note of issue has been filed, plaintiffs' failure to file a note of issue in this case could not be a basis on which to mark the case "off" pursuant to that rule. Accordingly, the dismissal that followed from that marking off was improper.

We note that, even if CPLR 3404 were applicable to pre-note cases, the dismissal of the complaint pursuant to that rule was improvident here, given the procedural infirmities in the marking off of the case. The court dismissed the complaint on the ground that the case had been marked off on January 20, 1998, when plaintiffs failed to file a note of issue originally due on July 13, 1996, and because, having failed to respond to defendants' July 10, 1997, 90-day demand, they still were not ready to proceed. However, it is uncontroverted that on January 20, 1998, the case simply was not on *any* calendar from which it could be marked off. Moreover, the July 1996 court-ordered date for the plaintiffs' filing of a note of issue had been superseded by the parties' February 1997 stipulation to a revised discovery schedule that imposed no filing deadline. Indeed, in its April 1998 order, the court in effect directed that all outstanding discovery be completed. Finally, to the extent that the marking off was based on the 90-day notice, it was improper because the notice was defective, as discussed below.

CPLR 3216 prohibits the dismissal of an action on the ground of general delay or for failure to serve and file a note of issue where the plaintiff has not been served with a 90-day demand to serve and file a note of issue (subd [b] [3]; *see, Chase v Scavuzzo*, 87 NY2d 228; *Greene v New England Mut. Life Ins. Co.*, 257 AD2d 521). The statute requires that the 90-day notice be served by registered or certified mail (subd [b] [3]). This notice provision reflects the Legislature's effort to protect an unoffending client from the severe penalty of summary dismissal or dismissal upon notice for a lawyer's tardiness, without unduly hampering the courts (*see, Cohn v Borchard Affiliations*, 30 AD2d 74, 78 [Stevens, J., dissenting], *revd* 25 NY2d 237). Minskoff's affidavit of service indicates that a 90-day notice was served on plaintiffs on July 10, 1997, by ordinary mail. While ordinary mail may be acceptable where the plaintiff concedes receipt of the notice (*see, Balancio v American Opt. Corp.*, 66 NY2d 750), that is not the case here. Plaintiffs assert that they never received the notice. Therefore, Minskoff's failure to serve it by registered or certified mail is a failure to meet a statutory condition precedent to dismissal. Moreover, having failed to properly serve the first 90-day

demand, and despite its claim that plaintiffs continued to be dilatory in responding to its discovery requests, Minskoff never served another 90-day demand, and no other defendant served such notice. In the absence of a properly served 90-day demand on plaintiff, the court had no power to dismiss the complaint pursuant to CPLR 3216 (*Chase v Scavuzzo, supra*, 87 NY2d, at 233).

We note that textual errors rendered Minskoff's demand defective in any event. The notice reads, "[T]he undersigned hereby demands that the *defendant* herein resumes processing this action" and refers to the "default of the *defendant* in complying with this demand" (emphasis added), and it indicates that it was being mailed both to plaintiffs and to defendant ISS. Therefore, the demand would not have put plaintiffs on notice, as required by CPLR 3216 (b) (3), that they were "to resume prosecution of the action and to serve and file a note of issue within ninety days after receipt of such demand," even if they had received it.

Accordingly, the order of the Supreme Court, New York County (Lorraine Miller, J.), entered on or about December 17, 1999, which denied plaintiffs' motion to extend the time to file a note of issue and granted defendants' motion and cross motion to dismiss the complaint, should be reversed, on the law, without costs, plaintiffs' motion granted, defendants' motions denied and the complaint reinstated. Appeal from order, same court and Justice, entered June 15, 2000, which denied plaintiffs' motion to reargue its previous order, should be dismissed, without costs, as taken from a non-appealable paper.

MAZZARELLI, J. P., ANDRIAS, BUCKLEY and MARLOW, JJ., concur.

Order, Supreme Court, New York County, entered on or about December 17, 1999, reversed, on the law, without costs, plaintiffs' motion to extend the time to file a note of issue granted, defendants' motion and cross motion to dismiss the complaint denied and the complaint reinstated. Appeal from order, same court, entered June 15, 2000, dismissed, without costs, as taken from a non-appealable paper.