■ MARY JILES, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants, et al., Defendants. [736 NYS2d 36] —Order, Supreme Court, New York County (Eileen Bransten, J.), entered on or about August 21, 2000, which, in an action for personal injuries, deemed plaintiff's motion "for an Order vacating the default entered against the Plaintiff on October 8, 1992 and restoring the action to the conference calendar" to be a motion "to restore this 1989 action to active status," and, after demanding, sua sponte, that plaintiff serve and file a note of issue within 90 days, granted the motion to restore the action to active status, unanimously affirmed, without costs.

The parties do not dispute that, as found by the motion court, the instant action was "marked off" a "clerk's calendar" when no party appeared to answer the "call" of such calendar on October 8, 1992; that such calendar call was conducted for the limited purpose of determining the status of the action; that there was no significant activity after such calendar call until August 1999, when plaintiff made a motion "to restore the action to active status" that was "denied" for failure to appear at the call of the motion calendar; and that a note of issue has never been filed. Defendants oppose this second motion to restore, arguing that they have been prejudiced by the long delay, and that the action should be deemed abandoned and dismissed pursuant to CPLR 3404. Such relief is unavailable. CPLR 3404 does not apply to actions in which a note of issue has not been filed (*Lopez v Imperial Delivery Serv.*, 282 AD2d 190 [2d Dept]; *accord Johnson v Minskoff & Sons*, 287 AD2d 233), and, indeed, marking a case off a pre-note of issue calendar is simply not a penalty available to the court when the plaintiff fails to appear at a pre-note of issue conference or other pre-note of issue proceeding (*see, Lopez, id.*, at 196, 198, 199; *Johnson, id.*). Accordingly, the action was properly restored to active status since there was never any authority to put it in inactive status in the first place. The prejudice of which defendants complain could have been avoided by service of CPLR 3216 90-day notices. Concur—Nardelli, J.P., Mazzarelli, Saxe, Sullivan and Ellerin, JJ.