■ MITCHELLTOWN APARTMENTS, INC., Appellant, v GMAC COMMERCIAL MORTGAGE CORPORATION, Respondent. [741 NYS2d 27] —Order, Supreme Court, New York County (Marilyn Shafer, J.), entered on or about March 14, 2001, which denied plaintiff's motion to restore the action, previously dismissed, apparently pursuant to CPLR 3404, to the calendar, unanimously reversed, on the law, without costs or disbursements, the motion granted and the complaint reinstated.

This action, asserting causes of action for fraud, breach of contract and negligence against defendant arising out of plaintiff's attempt to refinance six properties located in Nassau County, was marked off the calendar on or about August 7, 1998 for failure to appear at a calendar call and subsequently, on or about August 7, 1999, automatically dismissed pursuant to CPLR 3404. As set forth in his affidavit in support of the motion to restore, plaintiff's former attorney never received any notification that an appearance was required on August 7, 1998 and, upon investigation, learned that the court's records incorrectly listed defendant's counsel as counsel for plaintiff. As former counsel explained, it is his understanding that the court clerk has a standard form letter that is sent to plaintiff's counsel to give notice of a scheduled conference date. In any event, neither side appeared at the August 7, 1998 calendar call. This motion was brought 13 months after the automatic dismissal. We reverse.

This action, having been marked off the calendar, prenote of issue, could not properly be dismissed pursuant to CPLR 3404,

which is inapplicable to cases in which a note of issue has not been filed. (*Johnson v Sam Minskoff & Sons*, 287 AD2d 233, 235.) Thus, there is no need to examine whether the criteria for restoration under CPLR 3404, i.e., a meritorious cause of action, reasonable excuse for delay, lack of intent to abandon and lack of prejudice to the nonmoving party (*see, Sanchez v Javind Apt. Corp.*, 246 AD2d 353, 355), have been met. A court's need to control its prenote calendars and prevent delay must be addressed by application of statutory provisions other than CPLR 3404, such as CPLR 3216 or 22 NYCRR 202.27. We note that even if this matter were deemed dismissed pursuant to 22 NYCRR 202.27, plaintiff, on the showing made here, would be entitled to restoration, having demonstrated a reasonable excuse for its default and a meritorious cause of action. Concur—Tom, J.P., Sullivan, Rosenberger and Friedman, JJ.