■ BOBBY RICHARDSON et al., Appellants, v CITY OF NEW YORK, Respondent. [742 NYS2d 823] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered December 21, 2000, denying plaintiffs' motion to vacate the dismissal of their action, unanimously reversed, on the law, without costs, the motion granted and the action reinstated and restored to the calendar.

On May 21, 1998, plaintiffs' counsel received a letter from the court requesting him to advise whether the case was still active, and indicating that if so, he would be notified of a conference date. Counsel returned the letter on June 1, 1998, indicating that the case was active, but received no subsequent notice of a conference date. However, counsel learned only subsequently that a status conference had been scheduled for June 26, 1998, and that the case had then been dismissed.

On July 26, 2000, plaintiffs moved to vacate the dismissal of the action, and to restore it to the appropriate conference part for further proceedings, arguing that their time to so move pursuant to CPLR 5015 had not lapsed, as they were never served with a copy of any order of dismissal with notice of entry. Defendant City opposed, arguing that CPLR 3404 required plaintiffs to move within one year of the dismissal, and that since they neither did so nor demonstrated reasonable excuse for their delay or absence of prejudice to defendant, the dismissal must stand. The motion court adopted the City's line of reasoning, observing that plaintiffs offered no explanation of why they did not check the court file for two years, nor of what was happening on the case during that time.

This Court has held that CPLR 3404 applies only to cases on the trial calendar, and that the rule is not applicable to cases in which no note of issue has been filed (*see, Johnson v Minskoff & Sons*, 287 AD2d 233; *Jiles v New York City Tr. Auth.*, 290 AD2d 307; *Rivera v City of New York*, 292 AD2d 246). Accordingly, CPLR 3404 could not properly be relied upon to support dismissal of this action. Further, as defendant never filed a 90-day notice, the provisions of CPLR 3216 are similarly unavailable here (*Hodge v New York City Tr. Auth.*, 273 AD2d 42, 43).

In light of the strong public policy of allowing cases to be decided on their merits (*see, Silverio v City of New York*, 266 AD2d 129), it was improvident to deny plaintiffs' motion. Concur—Nardelli, J.P., Saxe, Buckley, Sullivan and Gonzalez, JJ.