■ LUIS TORRES et al., Appellants, v NU-WAY MACHINERY CORPORATION Co., LTD., et al., Respondents. [745 NYS2d 703] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jones, J.), dated September 4, 2001, as denied that branch of their motion which was to "restore" the action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was to "restore" the action is granted, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

The Supreme Court erred when it denied the plaintiffs' motion to restore this action. This Court has held that CPLR 3404 was inapplicable to pre-note of issue cases (*see Lopez v Imperial Delivery Serv.,* 282 AD2d 190), there was no 90-day notice served upon the plaintiffs permitting dismissal pursuant to CPLR 3216, nor was there any order issued dismissing the plaintiffs' complaint due to a default in appearing at a duly-scheduled status conference pursuant to 22 NYCRR 202.27. Accordingly, there was no basis to deny the plaintiffs' motion (*see Johnson v Brooklyn Hosp. Ctr.,* 295 AD2d 567). Ritter, J.P., Feuerstein, Adams and Rivera, JJ., concur.