(December 12, 2002)

■ VASILIOS ANTONIADIS, Also Known as WILLIAM PETERSON, et al., Appellants, v ATHANASIOS STAMATOPOULOS, Also Known as ATHAN STAMIS, et al., Respondents. [752 NYS2d 38] —Order, Supreme Court, New York County (Edward Lehner, J.), entered July 13, 2001, which deemed plaintiffs' motion pursuant to CPLR 3404 to restore the action to the trial calendar as one to vacate the dismissal of the action, and, so considered, denied the motion, unanimously reversed, on the law, without

costs or disbursements, the action restored to the trial calendar and the matter remanded for further proceedings.

Plaintiffs' attorney failed to appear for a conference on January 30, 2001, which was also the adjourned date of defendants' motion to strike the complaint, stay depositions and compel production of discovery. According to plaintiffs, the matter was marked off the calendar due to plaintiffs' nonappearance. Defendants, however, assert that the case was dismissed for plaintiffs' failure to appear. No note of issue had yet been filed. Less than two months thereafter, plaintiffs moved to restore the action to the calendar. The IAS court, stating that the action had been dismissed on January 20, 2001 [sic] due to plaintiffs' failure to appear for a conference and treating the motion as one to vacate the dismissal, denied the motion on the ground that plaintiffs had failed to submit the required affidavit of merits. The court went on to state that "even if the motion were only to restore the case to the calendar after it had been stricken due to movant's fault, and the motion were made within a year of such striking, an affidavit of merits would still be required for restoration." We reverse.

Since no note of issue had yet been filed at the time plaintiffs failed to appear at the conference, dismissal pursuant to CPLR 3404 would have been improper (*see Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 199, *lv dismissed* 96 NY2d 937; *Johnson v Sam Minskoff & Sons*, 287 AD2d 233, 235). Indeed, the IAS court declined to treat the motion as a motion to restore pursuant to CPLR 3404. Nor, as it appears from this record, was the action dismissed pursuant to section 202.27 of the Uniform Rules for Trial Courts (22 NYCRR). Accordingly, there was no basis for denying plaintiffs' motion to restore (*Torres v Nu-Way Mach. Corp.*, 296 AD2d 545; *Johnson v Brooklyn Hosp. Ctr.*, 295 AD2d 567). Concur—Williams, P.J., Buckley, Sullivan and Lerner, JJ.