■ ROBERT A. BEHREN et al., Appellants, v WARREN, GORHAM & LAMONT, INC., Respondent. [753 NYS2d 78] —Order, Supreme Court, New York County (Herman Cahn, J.), entered January 31, 2001, which denied plaintiffs' motion pursuant to CPLR 3404 to restore the action to the trial calendar, unanimously reversed, on the law, with costs, the motion granted, the complaint reinstated, and the case restored to the trial calendar. Appeal from order, same court and Justice, entered June 11, 2001, which denied plaintiffs' motion to renew and reargue, unanimously dismissed, without costs.

In this action which was commenced in 1990 to recover for breach of the implied covenant of good faith, breach of contract and negligent performance of contract arising from plaintiffs' 1985 sale of their publishing business to defendant, the case was apparently "marked off" the trial calendar when counsel failed to appear for a status conference on December 10, 1995. By motion dated June 28, 2000, plaintiffs moved to vacate "the December 10, 1995 automatic dismissal" and to restore the matter to the trial calendar. In denying plaintiffs' motion, the IAS court erroneously held that where a case has been stricken

from the calendar, there is an automatic dismissal in the absence of a motion to restore made within a year. It further found that plaintiffs have not shown a sufficient excuse for their four- year delay between the discovery of the missed conference in February 1996 and the instant motion.

Where, as here, an action has been marked. off the calendar prior to the service and filing of a note of issue, it may not properly be dismissed pursuant to CPLR 3404, which is inapplicable to cases in which a note of issue has not been filed (*Mitchelltown Apts. v GMAC Commercial Mtge. Corp.*, 293 AD2d 340). "A court's need to control its prenote calendars and prevent delay must be addressed by application of statutory provisions other than CPLR 3404, such as CPLR 3216 or 22 NYCRR 202.27" (*id.* at 341). As to defendant's argument that this so-called "new rule" should not be applied retroactively, counsel recognizes that cases on direct appeal will generally be decided in accordance with the law as it exists at the time of the appellate decision. This Court and the Second Department, in decisions subsequent to the orders on appeal, have held that CPLR 3404 should not be applied to cases in which a note of issue has not been filed (*see Johnson v Minskoff & Sons*, 287 AD2d 233; *Jiles v New York City Tr. Auth.*, 290 AD2d 307; *Lopez v Imperial Delivery Serv.*, 282 AD2d 190, *lv dismissed* 96 NY2d 937). We have considered defendant-respondent's other points and find them unpersuasive. Concur—Mazzarelli, J.P., Andrias, Buckley and Marlow, JJ.