■ ALAN KLOTZ, Appellant, v CITY OF NEW YORK et al., Respondents. [755 NYS2d 599] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered January 24, 2001, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion "to restore this matter to active status on the Court's docket," unanimously reversed, on the law, without costs, the motion granted, and the court directed to entertain further proceedings. Appeal from order, same court and Justice, entered on or about August 23, 2001, which, insofar as appealable, denied plaintiff's motion to renew, unanimously dismissed, without costs, as academic.

"[M]arking a case off a pre-note of issue calendar is simply not a penalty available to the court when the plaintiff fails to appear at a pre-note of issue conference or other pre-note of issue proceeding." (*Jiles v New York City Tr. Auth.*, 290 AD2d 307, 307 [2002].) Defendants commendably concede that the court erred in denying plaintiff's motion to restore this pre-note case to active status. Plaintiff's motion to restore the action to "active status" should have been granted "since there was never any authority to put it in inactive status in the first place" (*id.*). Concur—Saxe, J.P., Sullivan, Lerner and Gonzalez, JJ.