■ Ray Smith, Jr., et al., Appellants-Respondents, v John S. Girolamo, Respondent-Appellant, et al., Defendants. [757 NYS2d 253] —Order, Supreme Court, New York County (Paula Omansky, J.), entered October 18, 2002, which, in an action for fraud and rescission arising out of the sale of a corporation, the sole asset of which was a residential apartment house, in which action it has been determined that the contract should be rescinded, that defendant seller should return to plaintiff buyers the purchase price and their repair costs, and that plaintiffs should return to defendant their profits and the value of any use and occupancy of the building, granted defendant's motion to vacate a prior dismissal of the action to the extent of restoring the cause of action for rescission and the issues of restitu-

tion related thereto, on condition that defendant deposit into escrow an amount representing the purchase price plus plaintiffs' repair costs thus far ascertained, unanimously modified, on the law, to restore the entire action, and otherwise affirmed, without costs.

Since it does not appear that a note of issue was ever filed, the dismissal under CPLR 3404 was improper (*see Antoniadis v Stamatopoulos*, 300 AD2d 84 [2002]), and the entire action, not just the rescission cause of action, should have been restored. In any event, defendant's showing under CPLR 3404 was adequate (*see Burgos v 2915 Surf Ave. Food Mart*, 298 AD2d 282, 283 [2002]). The award of interest will mitigate any prejudice caused plaintiffs by reason of their receiving 2003 dollars for a 1986 transaction. Although the case was improperly dismissed in the first instance, the motion court's direction that defendant escrow the amount already determined he owes plaintiffs was a proper exercise of discretion in view of defendant's prior claim of bankruptcy (*see Symphony Space v Pergola Props.*, 88 NY2d 466, 485 [1996]). If defendant is unable to pay that amount, he would not be entitled to rescission, and revival of the action would be a waste of judicial resources. On the other hand, since that amount plus any additional repair costs will be subject to offset by plaintiffs' profits and use and occupancy, if any, the court's rejection of plaintiffs' request to increase the escrow amount so as to reflect the interest to which they are entitled was also a proper exercise of discretion. Concur—Mazzarelli, J.P., Saxe, Sullivan, Ellerin and Gonzalez, JJ.