■ JASMINE CHOWDHURY et al., Appellants, et al., Plaintiff, v WILLIAM E. PHILLIPS et al., Respondents. [761 NYS2d 169] —Order, Supreme Court, New York County (Michael Stallman, J.), entered March 22, 2002, which granted plaintiffs-appellants' motion for reargument, and, upon reargument, adhered to its November 9, 2001 determination denying plaintiffs-appellants' motion to restore the action to the calendar and dismissed said action, unanimously reversed, on the law, without costs, the motion granted, the dismissal order vacated and the action restored to the court's calendar. Appeal from order, same court and Justice, entered November 9, 2001, which denied plaintiffs-appellants' motion to restore the action to the court's calendar, unanimously dismissed as superseded by the appeal from the March 22, 2002 order.

This action for personal injuries and wrongful death arose out of a December 24, 1994 automobile accident on the Harlem River Drive. On March 20, 1996, plaintiffs commenced the action against defendants William Phillips, the driver of the vehicle that struck the decedent Zamal Chowdhury and plaintiff Ubedur Quarashi, and the City of New York (City). The theory of liability against the City was that it had negligently designed and maintained the roadway where the accident occurred. On January 28, 1998, the parties attended a preliminary conference and an order was entered scheduling discovery, including depositions, for April 20, 1998. According to the City, those depositions were adjourned at plaintiff's request. On July 27, 1998, the case was marked off the calendar after plaintiff's

counsel failed to appear at a calendar call. No note of issue had been filed at the time.

On June 22, 2001, plaintiff Chowdhury moved to restore the action to the calendar and both defendants opposed. In a November 9, 2001 order, the IAS court denied the motion and dismissed the action "nunc pro tunc" pursuant to CPLR 3404. The court held that plaintiffs had failed to satisfy any of the four requirements to restore an action dismissed pursuant to CPLR 3404, namely, that a meritorious cause of action exists, a reasonable excuse for the delay, a lack of prejudice to defendants, and the absence of intent to abandon the action.

In December 2001, plaintiff Chowdhury moved to reargue the IAS court's November 9 order and plaintiff Quarashi cross-moved for the same relief. In a March 22, 2002 order, the IAS court granted reargument, acknowledging that it had erred in applying CPLR 3404 to this pre-note of issue case. Nevertheless, the court adhered to its previous determination on the ground that plaintiffs had "failed to offer a reasonable excuse for the three and a half year delay in seeking to restore this matter" and "did not meet their burden of demonstrating a meritorious claim against the City." Plaintiff Chowdhury appeals and we now reverse.*

As the municipal defendant properly concedes, the IAS court properly determined, upon reargument, that CPLR 3404 is not applicable to this case. "Where, as here, an action has been marked off the calendar prior to the service and filing of a note of issue, it may not properly be dismissed pursuant to CPLR 3404, which is inapplicable to cases in which a note of issue has not been filed" (*Behren v Warren, Gorham & Lamont*, 301 AD2d 381, 382 [2003]; *see Mitchelltown Apts. v GMAC Commercial Mtge. Corp.*, 293 AD2d 340 [2002]; *Jiles v New York City Tr. Auth.*, 290 AD2d 307 [2002]). As we have previously stated, "marking a case off a pre-note of issue calendar is simply not a penalty available to the court when the plaintiff fails to appear at a pre-note of issue conference or other pre-note of issue proceeding" (*Jiles v New York City Tr. Auth.*, 290 AD2d at 307).

We are not persuaded by defendant Phillips' contrary argument that the language of CPLR 3404 compels the conclusion that the statute also applies to pre-note of issue cases (*see generally Lopez v Imperial Delivery Serv.*, 282 AD2d 190 [2001], *lv dismissed* 96 NY2d 937 [2001]; *Johnson v Sam Minskoff & Sons*, 287 AD2d 233 [2001]).

---

* There is no notice of appeal or brief from plaintiff Quarashi, who has apparently abandoned the action.

Nor, as defendant Phillips suggests, was the case properly dismissed pursuant to section 202.27 of the Uniform Rules for Trial Courts (22 NYCRR). There is no indication in the record that 22 NYCRR 202.27 was the basis for the court's dismissal upon reargument (*see Antoniadis v Stamatopoulos*, 300 AD2d 84 [2002]), as neither defendant raised this rule as a ground for dismissal and the IAS court's decision on reargument never mentioned it. Moreover, the fact that the rule explicitly authorizes immediate dismissal for plaintiff's failure to appear at a conference or calendar call, whereas the penalty imposed here was marking the case off the calendar, provides further confirmation that 22 NYCRR 202.27 was not invoked in this case. In any event, even if this matter were properly deemed dismissed pursuant to 22 NYCRR 202.27, we would find that plaintiff adequately demonstrated a reasonable excuse for the delay and a meritorious cause of action (*see Mitchelltown Apts. v GMAC Commercial Mtge. Corp.*, 293 AD2d 340 [2002]; *see also Levy v New York City Hous. Auth.*, 287 AD2d 281 [2001]; *Navarro v A. Trenkman Estate*, 279 AD2d 257, 258 [2001]).

In light of the strong public policy of allowing cases to be decided on their merits (*see Richardson v City of New York*, 295 AD2d 115, 116 [2002]), and the absence of any other appropriate basis to mark the case off the calendar, plaintiffs' motion to restore the action to the calendar should have been granted. (*See Wachter v City of New York*, 300 AD2d 129 [2002]; *Hecker v Allstate Life Ins. Co.*, 298 AD2d 325 [2002].) Concur—Tom, J.P., Sullivan, Ellerin, Marlow and Gonzalez, JJ.

