■ DOTHLYN SEWELL, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent, and SRM CONSTRUCTION CORPORATION, Defendant and Third-Party Plaintiff. ENRICO & SONS CONTRACTORS, INC., Third-Party Defendant-Respondent. [759 NYS2d 860] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered on or about June 30, 2000, which, insofar as appealable, denied plaintiff's motion to renew the prior order, same court and Justice, entered on or about March 17, 2000, granting defendant's motion pursuant to CPLR 3404 to dismiss the action as abandoned and which denied plaintiff's motion to restore the action to the calendar, unanimously reversed, on the law and the facts, without costs, to grant renewal, and upon renewal, defendant's motion denied, the order of dismissal vacated, and the complaint reinstated. Appeal from the March 17, 2000 order unanimously dismissed as academic, without costs.

The court lacked statutory authority to deny plaintiff's mo-

tion to restore the action to active status or to dismiss the case pursuant to CPLR 3404. As we have recently stated, section 3404 applies only to cases for which a note of issue has been filed (*Johnson v Minskoff & Sons*, 287 AD2d 233 [2001]; *see also Lopez v Imperial Delivery Serv.*, 282 AD2d 190 [2001], *lv dismissed* 96 NY2d 937 [2001]; *Wachter v City of New York*, 300 AD2d 129 [2002]; *Hecker v Allstate Life Ins. Co.*, 298 AD2d 325 [2002]). Although the June 30, 2000 order predated our *Johnson* ruling, nevertheless it remains procedurally defective. Moreover, insofar as the action was improperly dismissed, there was no basis to deny plaintiff's motion to restore (*Antoniadis v Stamatopoulos*, 300 AD2d 84 [2002]). Concur—Tom, J.P., Andrias, Rosenberger, Friedman and Marlow, JJ.