(August 7, 2003)

■ Norma Campos, Appellant, v New York City Health and Hospitals Corporation et al., Respondents. [763 NYS2d 292] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered September 18, 2000, which denied plaintiff's motion to vacate her default in failing to appear at a pre-note of issue calendar call, affirmed, without costs or disbursements.

The motion court dismissed the case when plaintiff failed to appear for a calendar call of pre-note of issue cases. Pursuant to 22 NYCRR 202.27, if, at any scheduled call of the calendar, the defendant appears but the plaintiff does not, the court may note the default on the record and enter an order dismissing the action. Plaintiff notes that the motion court's decision denying the motion to vacate the default does not refer to 22 NYCRR 202.27; she asserts that the reason for the dismissal was "general delay." Plaintiff is mistaken. The decision explicitly refers to plaintiff's "default * * * in appearing at a calendar call and the dismissal resulting therefrom." While the court referred to plaintiff's "total disregard of this case * * * in the ten year period since the filing of the [s]ummons and [c]omplaint" and the absence of an explanation for plaintiff's inaction, this pattern of neglect was not the basis for the dismissal but was relevant in determining whether plaintiff's default in appearance was excusable (cf. Latha Rest. Corp. v Tower Ins. Co., 285 AD2d 437 [2001]). In any event, the absence of any reference by the court to section 202.27 does not render its dismissal ineffective.

In addition, while plaintiff asserts that there is no order or judgment dismissing the case, she does not contest that, to have the default vacated, she must make a showing of a meritorious action and a reasonable excuse for her default. Nor is there any authority which suggests that, in the absence of an order of dismissal, there is no default.

The dissent concludes that the "unifying factor" of CPLR 3404 and 3216 and 22 NYCRR 202.27 is some form of warning that the case risks dismissal or an opportunity to take corrective action to avoid dismissal. Where an action is dismissed pursuant to section 202.27, the inattentive party receives no warning other than notice to appear at the calendar call. Dismissal pursuant to the rule is just that—dismissal. While the entry of an order would give written notice of dismissal to the defaulting party, there is no claim here that plaintiff did not have notice that the action was dismissed. While the dissent characterizes plaintiff's discovery of dismissal as "serendipitous," the fact remains that plaintiff was afforded notice; counsel "discovered the default when he questioned the Clerk with regard to moving to file a Note of Issue and Statement of Readiness."

Nor is there any claim that the absence of an order deprived plaintiff of a remedy; indeed, she availed herself of the remedy of a motion to vacate the default. Thus, a dismissal pursuant to section 202.27 does not deprive the delinquent party of an opportunity to take corrective action. In this case it is apparent that the absence of an order was inconsequential and plaintiff was not prejudiced thereby.

The issue here is not, as the dissent would have it, whether a court may dispose of a case without notice to the defaulting party. Here, plaintiff, the defaulting party, was given notice of the calendar call and failed to appear, and the dissent, by not challenging our conclusion that plaintiff failed to provide a reasonable excuse for her default, implicitly concedes that fact. As for whether plaintiff had an opportunity to be heard, a dismissal on default is, by its very nature, one which deprives the aggrieved party of an opportunity to be heard. The remedy lies in a motion to vacate. Nor does CPLR 2219 (a) advance the dissent's position since it "is applicable only to formal motions made on papers" (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2219:3, at 156).

As to the merits of the motion to vacate the default, since plaintiff failed to demonstrate a reasonable excuse for her failure to appear at the calendar call, the motion was properly denied (*see* CPLR 5015 [a] [1]; *see also* 22 NYCRR 202.27). As noted, the pattern of delay is relevant to this determination (*see Rudes v Magna Stables Co.*, 277 AD2d 63 [2000]; *see also Latha Rest. Corp., supra*). Concur—Nardelli, Andrias and Sullivan, JJ.

Buckley, P.J., and Mazzarelli, J., dissent in a memorandum by Buckley, P.J., as follows: At issue on this appeal is whether

a court may dispose of a case without notice to a party, thereby depriving her of an opportunity to be heard.

In the order appealed from, the motion court stated that, on a prior occasion, it had dismissed the case for plaintiff's failure to appear at a calendar call, although such a ruling was never stated on the record and an order of dismissal was never issued.

As the majority concedes, sub silentio, CPLR 3404 does not apply to this case, since a note of issue had not been filed, and CPLR 3216 is inapplicable, since plaintiff had never been served, either by defendant or the IAS court, with a 90-day notice (see *Johnson v Minskoff & Sons*, 287 AD2d 233 [2001]). For the reasons discussed herein, 22 NYCRR 202.27, relied on by the majority as a basis for dismissal, is also unavailing.

Uniform Rules for Trial Courts (22 NYCRR) § 202.27 provides:

"At any scheduled call of a calendar or at any conference, if all parties do not appear * * * , *the judge may note the default on the record and enter an order* as follows: * * *

"(b) If the defendant appears but the plaintiff does not, the judge may dismiss the action and may order a severance of counterclaims or cross-claims" (emphasis added).

The rule thus requires the motion court to "note the default on the record" and, if dismissing the complaint, to "enter an order" to that effect (see *Gendus v Sheraton/Atlantic City W.*, 302 AD2d 427 [2003]; *Torres v Nu-Way Mach. Corp.*, 296 AD2d 545 [2002]), which serves to document the disposition of the case, the reason therefor, and the date thereof.

While CPLR 3404 and 3216 and 22 NYCRR 202.27 differ as to the circumstances under which they may be invoked, the unifying factor of all three provisions is some form of warning to the inattentive party that the case risks dismissal, or an opportunity for the delinquent party to take corrective action to avoid the drastic penalty of dismissal of the action. For example, under CPLR 3216, the party must be served with a written demand that she file a note of issue within 90 days before the case can be dismissed. Where a court chooses to dismiss a case under 22 NYCRR 202.27, the default must be noted on the record and an order of dismissal entered. Pursuant to CPLR 3404, a party has an entire year to restore a post-note of issue case that has been marked off the trial calendar; even where such a case has been dismissed after one year of neglect, it is only "deemed" abandoned, and unlike dismissals under CPLR 3216 and 22 NYCRR 202.27, which ordinarily

must be contested within one year (*see* CPLR 5015 [a] [1]; *Johnson*, 287 AD2d at 236), a case marked off and dismissed under CPLR 3404 may be restored even after several years of inactivity (*see Johnson*, 287 AD2d at 236). Thus, all three provisions contain safeguards evincing the strong public policy in favor of deciding cases on the merits (*see Richardson v City of New York*, 295 AD2d 115, 116 [2002]; *Harwood v Chaliha*, 291 AD2d 234 [2002]).

The majority reads the writing requirement out of the plain language of 22 NYCRR 202.27. However, the mandate of that rule is not a mere technicality, but rather, advances the public policy favoring determination of cases on the merits, by providing notice, and protects the litigant's right to review, both by the motion court and at the appellate level (*see Brown v 303 W. 42nd St. Realty Corp.*, 240 AD2d 248 [1997]). The majority's interpretation, that a court can dismiss an action sua sponte and never create a written record of that decision, is at odds with the clear language of 22 NYCRR 202.27, as well as the underlying policy considerations.

The majority's granting of dispositive effect to the purported "dismissal" demonstrates the need for having such decisions in written form. The majority also believes that plaintiff herein was not prejudiced, since she was fortunate enough to somehow learn of the off-the-record dismissal and was permitted to make a motion to vacate. However, a party's serendipitous discovery does not relieve a court of its obligations under 22 NYCRR 202.27, and there appears to be little reason to depart from the bright-line standard set forth in 22 NYCRR 202.27, that a dismissal must be noted on the record and an order so entered, and to replace it with a rule subject to the vagaries of whether or not a plaintiff discovered the oral dismissal, and if so, when. Similarly, plaintiff suffered prejudice, since once a case is dismissed the plaintiff bears the burden of showing a reasonable excuse and a meritorious cause of action.

In the instant case, the motion court neither noted a default on the record, nor entered an order dismissing the action, and therefore the action could not have been dismissed under 22 NYCRR 202.27. In the absence of a dismissal, there was no "default" to vacate, and accordingly no necessity for plaintiff to demonstrate a meritorious claim or reasonable excuse. Therefore, I would reverse the order, vacate the "default," and reinstate the complaint.