■ LINDO BODDEN, Appellant, v PENN-ATTRANSCO CORP., Respondent. [800 NYS2d 129]—

Order, Supreme Court, Bronx County (Dianne T. Renwick, J.), entered January 29, 2004, denying plaintiff's motion to vacate the dismissal of his action and restore the case to the calendar, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion to restore granted on condition that plaintiff's attorney pay costs to defendant's attorney of $500 within 20 days of service of a copy of this order with notice of entry.

Plaintiff commenced this action on December 13, 1995, seeking damages for an injury purportedly sustained on September 15, 1994. Plaintiff claims that he was operating a defective winch onboard a vessel upon which he was employed as a seaman. On June 21, 1999, the IAS court issued an order directing plaintiff to file a note of issue by September 24, 1999, or if no such note were filed, the parties were ordered to appear for a status conference on that date. The order further specified that failure to comply with its terms could result in the dismissal of the complaint. Plaintiff failed to file the note of issue and neither party appeared on September 24. The court adjourned the conference to October 22, 1999. When the parties failed to appear on that date, the court dismissed the case pursuant to 22 NYCRR 202.27. Plaintiff moved to vacate the dismissal by order to show cause on April 30, 2003, arguing that he had a reasonable excuse for the default and a meritorious cause of action. The court denied the motion.

"The dismissal of an action pursuant to 22 NYCRR 202.27 based upon a plaintiff's failure to appear at a calendar call should be vacated where the plaintiff shows a reasonable excuse for the default and a meritorious cause of action" (*Polir Constr., Inc. v Etingin*, 297 AD2d 509, 511 [2002]). Plaintiff has, albeit

belatedly, sufficiently demonstrated that his cause of action has merit by establishing that he was injured operating a winch that he claims was inadequately maintained. Furthermore, contrary to the IAS court's finding, plaintiff demonstrated a reasonable excuse for the default. There is no indication in the record that the parties were sent notices regarding the adjourned date. In addition, plaintiff's attorney, a solo practitioner, suffered a stroke in the months after the conference, and plaintiff was compelled to obtain a new attorney to pursue this action. Moreover, although CPLR 5015 (a) (1) requires that the motion to vacate the judgment of default be made within one year, a court has the discretion to vacate a default even after the year has expired (*Johnson v Sam Minskoff & Sons, Inc.*, 287 AD2d 233, 236 [2001]).

Defendant also failed to appear for any conferences on this case, and its argument that it will suffer prejudice if the case is reinstated is unpersuasive. The vessel in issue was scrapped the year this action was commenced, and the crew left the defendant's employ at that time. Therefore, the crew was potentially unavailable and the evidence destroyed at approximately the same time as the action was commenced. Neither was a direct result of plaintiff's delay. Indeed, defendant does not even indicate that it ever recognized that the case had been dismissed. Concur—Tom, J.P., Mazzarelli, Friedman, Gonzalez and Catterson, JJ. [*See* 1 Misc 3d 910(A), 2004 NY Slip Op 50021(U) (2004).]