■ Maria Acevedo, Respondent, v Francisco Navarro, Appellant. [802 NYS2d 359]—

Order, Supreme Court, Bronx County (Anne E. Targum, J.), entered June 7, 2004, which, in an action for personal injuries, granted plaintiff's motion to vacate a prior order dismissing the action for failure to attend a pre-note of issue conference, unanimously affirmed, without costs.

A motion to vacate a 22 NYCRR 202.27 dismissal is governed by CPLR 5015 (a) (*see Bodden v Penn-Attransco Corp.*, 20 AD3d 334 [2005]). Accordingly, such a motion must be made within one year of service of a copy of the dismissal order with notice of entry, and be supported by a showing of a reasonable excuse for the failure to attend the conference and a meritorious cause of action or defense (*see id.* at 335). Absent service of the dismissal order with notice of entry, as herein, there is no time limit on the making of a motion to vacate the dismissal, although the motion can still be denied for, inter alia, lack of a reasonable excuse or meritorious cause of action or defense (*see Campos v New York City Health & Hosps. Corp.*, 307 AD2d 785 [2003]). Prejudice caused by postdismissal delay short of laches is not a consideration (*cf. Lopez v Imperial Delivery Serv.*, 282 AD2d 190, 197 [2001], *lv dismissed* 96 NY2d 937 [2001]; *Mediavilla v Gurman*, 272 AD2d 146, 147-148 [2000]). Here, the motion to vacate was timely. Furthermore, plaintiff's attorney provided an adequate excuse for her failure to attend the conference. We have considered and rejected defendant's arguments with respect to the merits of the action. Concur—Buckley, P.J., Saxe, Marlow, Ellerin and Williams, JJ.