■ Centennial Insurance Company et al., Respondents, v Hing Fa, Inc., Trading as Yu's Chinese Restaurant, et al., Respondents-Appellants, and Joseph P. Day Realty Corp. et al., Appellants-Respondents, et al., Defendant. Joseph P. Day Realty Corp. et al., Third-Party Plaintiffs-Appellants-Respondents, v Well Done Enterprises, Inc., et al., Third-Party Defendants, and Hon Keung Choy Inc. et al., Third-Party Defendants-Respondents-Appellants. Joseph P. Day Realty Corp. et al., Second Third-Party Plaintiffs-Appellants, v General Star Indemnity Insurance Company et al., Second Third-Party Defendants-Respondents. [829 NYS2d 903]—Appeal from order, Supreme Court, New York County (Edward H. Lehner, J.), entered on or about February 6, 2004, and cross appeals from order, same court and Justice, entered January 11, 2005, unanimously withdrawn in accordance with the terms of the stipulation of the parties hereto. No opinion. Order filed. Concur—Tom, J.P., Mazzarelli, Sullivan and McGuire, JJ.

■ Daniel Lewis, Appellant, v New York City Transit Authority, Respondent. [829 NYS2d 903]—Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered October 20, 2005, which, in an action for personal injuries, granted plaintiff's motion to restore the action to a pre-note of issue calendar, and granted defendant's cross motion to dismiss the complaint, unanimously affirmed, without costs.

The action was properly dismissed because, regardless of the timeliness and merit of plaintiff's motion to vacate the April 1997 order dismissing the action pursuant to 22 NYCRR 202.27, the postdismissal delay here was so unreasonable and so prejudicial as to amount to laches (*cf. Acevedo v Navarro*, 22 AD3d 391 [2005]). Concur—Sullivan, J.P., Williams, Gonzalez, Sweeny and Kavanagh, JJ.