*564 Order, Supreme Court, New York County (Edward H. Lehner, J.), entered January 15, 2008, which granted plaintiffs motion to vacate a prior dismissal of this action and restore the case to the calendar, unanimously affirmed, without costs.
A motion to vacate a dismissal for failure to appear at a scheduled court conference (22 NYCRR 202.27) is governed by CPLR 5015. Such a motion must be made within one year of service of a copy of the dismissal order with notice of entry, and be supported by a showing of reasonable excuse for the failure to attend the conference and a meritorious cause of action. Where the dismissal order has never been served with notice of entry, there is no time limit on making a motion to vacate the dismissal, and any alleged prejudice caused by postdismissal delay, short of laches, is not a consideration (Acevedo v Navarro, 22 AD3d 391 [2005]).
Plaintiff demonstrates both a reasonable excuse and the existence of a meritorious cause of action. The fact that none of the parties appeared for the scheduled court conference in July 2002 indicates that plaintiffs default was reasonable and likely attributable to the court’s failure to notify everyone about the conference, whose date is not found in any prior conference order. Plaintiffs former attorney averred that his office was never notified of the conference or informed of the dismissal. Lack of receipt of notice can be a valid excuse for failure to appear at a conference (see Latha Rest. Corp. v Tower Ins. Co., 285 AD2d 437 [2001]).
Plaintiff has also established a meritorious cause of action. Indeed, on a prior appeal in 2004 (13 AD3d 143 [2004]), we affirmed the existence of numerous triable issues of fact concerning the liability of defendants Treeline and Commercial, and also of third-party defendant Republic.
Defendants contend that plaintiffs delay in moving to vacate the section 202.27 dismissal amounted to laches. While defendants were not apparently prejudiced in the two years immediately after the dismissal, during which they continued actively litigating, the case did thereafter remain inactive for a three-year period until plaintiffs motion to vacate the dismissal in 2007. This delay, though lengthy, was not unreasonable. In any event, defendants have not alleged prejudice from this delay, other than in conclusory fashion. Concur—Gonzalez, P.J., Mazzarelli, Sweeny, Renwick and Richter, JJ.