■ NEIL KAPLAN et al., Respondents, v ARTHUR ELKIND et al., Appellants. [596 NYS2d 456] —In an action, *inter alia,* to recover damages for medical malpractice, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), dated March 7, 1991, as, upon reargument, adhered to an original determination of the same court (Facelle, J.), entered December 20, 1989, granting the plaintiffs' motion to vacate the dismissal of their action pursuant to CPLR 3404.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

We agree with the Supreme Court that the action should not have been dismissed pursuant to CPLR 3404, which, *inter alia,* directs the clerk to automatically dismiss a case which has been stricken from the trial calendar and not restored thereto within a year of the dismissal *(see,* 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3404.01; *Balducci v Jason,* 133 AD2d 436; *see also,* CPLR 3402).

In this medical malpractice action, the plaintiffs inadvertently filed a note of issue even though they were not required to do so by the court's discovery scheduling order and even though a note of issue could not, under the Uniform Rules for Trial Courts then applicable, have been permissibly filed at the time since the medical malpractice panel proceedings had not yet been commenced *(see,* 22 NYCRR former 202.56 [d] [2]).

Since the plaintiffs' note of issue was inadvertently and prematurely filed and since the case could not have been permissibly placed on the trial calendar at that juncture in any event, the Supreme Court properly concluded that the subsequent striking of the note of issue was not attributable to an act or omission in the nature of a default within the meaning of CPLR 3404, and vacated the dismissal which had been obtained by the defendants *(see, Balducci v Jason,* 133 AD2d 436, *supra;* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3404:4, at 76). Thompson, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.