*959 OPINION OF THE COURT
Dianne T. Renwick, J.
Plaintiffs Heisen Vasquez and Emilia Vasquez commenced this action seeking to recover money damages for personal injuries sustained during an automobile accident. Defendants now move and cross-move for a court order dismissing the action as abandoned pursuant to CPLR 3404. This court, however, finds that the action is not subject to dismissal pursuant to CPLR 3404 since the case has never been marked “off’ calendar. Instead, the note of issue and certificate of readiness were vacated as premature, based upon defendant’s motion, made pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 202.21 (e).
Discussion
Since all parties are operating under the misimpression that CPLR 3404 governs the scenario herein, rather than Uniform Rules for Trial Courts (22 NYCRR) § 202.21 (f), it bears noting their differences. CPLR 3404 provides that cases “marked off’ or “struck” from the calendar or “unanswered” on a clerk’s calendar call shall be “deemed abandoned” and will automatically be dismissed for neglect to prosecute if not restored to the trial calendar within one year of the markoff.* (See e.g., Lopez v Imperial Delivery Serv., 282 AD2d 190 [2d Dept 2001].) Automatic dismissal under CPLR 3404, however, is not irrevocable. Courts have long treated CPLR 3404 as creating a mere presumption of abandonment. (See Marco v Sachs, 10 NY2d 542 [1962].) Even after the dismissal that occurs upon the passage of one year, the plaintiff may move to vacate the dismissal and restore the case to the calendar by demonstrating a meritorious cause of action, a reasonable excuse for the delay, a lack of prejudice to the defendant and the absence of intent to abandon the action (i.e., a showing of ongoing litigation activity). (See e.g., Groudine v Delco Dev. Corp., 286 AD2d 416 [2d Dept 2001]; Cichorek v Cosgrove, 47 AD2d 883 [1st Dept 1975]; see generally, Alexander, New Approach to Restoring Case Marked ‘Off’ The Trial Calendar, NYLJ, Nov. 19, 2001, at 3, col 1.)
A dismissal pursuant to CPLR 3404 must be contrasted with a situation, like that herein, where the note of issue and certificate of readiness were vacated as prematurely filed. (See e.g., *960 Nunez v Goodman, 186 AD2d 521 [1st Dept 1992]; see also, Kaplan v Elkind, 192 AD2d 643 [2d Dept 1993].) Specifically, Uniform Rules for Trial Courts (22 NYCRR) § 202.21 (e) allows any party to the action to move to vacate within 20 days after service of the note of issue. This rule further provides that the moving party must provide an affidavit showing in what respects the case is not ready for trial. (Id.) Additionally, the court can, at any time, on its own motion, vacate the note of issue if it appears that a material fact in the certificate of readiness is incorrect or if the certificate fails to comply with the section’s requirements in some material respect. (Id.)
A plaintiff who seeks to restore the case to the calendar must comply with Uniform Rules for Trial Courts (22 NYCRR) § 202.21 (f). The rule currently states that “Motions to reinstate notes of issue vacated pursuant to [subdivision (e) of Uniform Rules § 202.21] shall be supported by a proper and sufficient certificate of readiness” and by an affidavit of merit, an excuse for the delay that led to vacatur of the note of issue, and a showing that the case is ready for trial. Uniform Rules § 202.21 (f), however, applies only to reinstatement of a note of issue. (See e.g., Nunez v Goodman, supra; Kaplan v Elkind, supra.) The rule has no applicability in the context of CPLR 3404, because “[a] case marked off pursuant to CPLR 3404 does not automatically result in the vacatur of the note of issue.” (Basetti v Nour, 287 AD2d 126, 132 [2d Dept 2001]; see also, Johnson v Minskoff & Sons, 287 AD2d 233 [1st Dept 2001].) Rather, as noted above, subdivision (f) of Uniform Rules § 202.21 is the reference point only when a note of issue has been vacated under subdivision (e), as, for example, when the court has ordered vacatur, based upon a defendant’s motion or its own motion, because a “material fact in the certificate of readiness is incorrect.” (Id.; see also, Nunez v Goodman, supra; Kaplan v Elkind, supra.)
Conclusion
For the foregoing reasons, it is hereby ordered that defendant’s motion and codefendant’s cross motion, seeking a dismissal of the action, as deemed abandoned pursuant to CPLR 3404, are denied. This action is not subject to dismissal pursuant to CPLR 3404 since the case has never been “marked off” the calendar. Instead, the note of issue and certificate of readiness were vacated as premature, based upon defendant’s motion, made pursuant to Uniform Rules for Trial Courts (22 *961 NYCRR) § 202.21 (e). Nor is this court in a position to sua sponte restore the action to the trial calendar since plaintiffs have failed to comply with the aforementioned requirements of Uniform Rules for Trial Courts (22 NYCRR) § 202.21 (f). Accordingly, the action shall remain in the active calendar, albeit not on the trial calendar.

 CPLR 3404 directs that the clerk, without any need to involve the judge, “make an appropriate entry without the necessity of an order.”