■ Philip Burgess et al., Respondents, v Charles H. Greenthal Management Corp. et al., Appellants, et al., Defendants. [830 NYS2d 48]—

Order, Supreme Court, Bronx County (George D. Salerno, J.), entered October 18, 2004, which, to the extent appealable, denied defendants' motion to renew an earlier order, same court and Justice, entered July 8, 2004, granting dismissal of the action as against defendants Greenthal Management and Sklar but not on the merits, unanimously affirmed, without costs.

Appellants' motion for summary judgment was granted to the extent of dismissing the complaint without prejudice, on the ground that plaintiffs had failed diligently to obtain leave of court to sue the receiver, despite a November 2000 order of the same court directing them to do so. Plaintiffs thereafter obtained leave to sue.

The court properly denied defendants' motion to renew since no new facts were alleged that would have warranted a "change [in] the prior determination," nor did the granting of leave to sue the receiver constitute a "change in the law" (CPLR 2221 [e] [2]).

In opposing appellants' motion for summary judgment, plaintiffs brought to the court's attention the fact that they had now made the appropriate motion seeking leave to sue the receiver. We need not consider the merits of appellants' defenses that they lacked notice of the lead paint condition, or that their respective duties were established and delimited by the court order appointing Sklar receiver and by the management agreement; neither appellant was authorized or provided with fund-

ing to undertake lead paint remediation at the premises. Appellants may raise these defenses in the new action brought by plaintiffs. Concur—Tom, J.P., Sullivan, Nardelli, Buckley and McGuire, JJ.