OPINION OF THE COURT
Sharon A. Aarons, J.
*740 Relief Requested
Defendant Ortiz Funeral Home Corp. moves for an order to renew and reargue this court’s prior decision/order dated December 14, 2006 which denied defendant’s motion to dismiss plaintiffs complaint as abandoned pursuant to CPLR 3404 due to plaintiffs failure to restore the case to the calendar within one year. The branch of defendant’s motion seeking renewal is denied. The branch of defendant’s motion seeking reargument is granted and upon reargument the court adheres to this court’s original determination in its decision/order dated December 14, 2006, which denied defendant’s motion and the third-party defendant’s cross motion to dismiss plaintiff’s complaint. Written opposition was submitted.
Procedural Background
This action was brought by the plaintiff against the defendant seeking to recover compensation for personal injuries. Plaintiff alleges, in sum and substance, that on January 11, 1996 she fell on an icy, dangerous and hazardous condition as a result of the negligence of the defendant. The defendant commenced a third-party and a fourth-party action. The plaintiff served a notice of trial and statement of readiness on February 11, 2003. The court computer file indicates that subsequent to plaintiffs filing of the notice of trial defendant moved to compel discovery. That motion was resolved by written stipulation dated April 24, 2003 which was “SO ORDERED” by Judge Irving Rosen. The stipulation provided, inter alia, that the note of issue was stricken. Thereafter, plaintiff took no steps to place the action on the trial calendar and defendant moved to dismiss plaintiffs complaint as abandoned pursuant to CPLR 3404 due to plaintiffs failure to restore the case to the calendar within one year. The third-party defendant cross-moved for the same relief. By decision/order dated December 14, 2006 this court denied the motion and cross motion on the ground that when a note of issue (notice of trial) is stricken, the effect is as if a notice of issue had never been filed and the statutes and court rules pertaining to restoral do not apply. The defendant now moves to renew and reargue its motion. The third-party defendant did not move or cross-move to renew or reargue.
Discussion and Analysis
Motions for leave to reargue and/or renew are governed by CPLR 2221. CPLR 2221 (f) permits a movant to combine in one *741 motion both a reargument and renewal request. However, a combined motion must identify and separately support each item of relief sought. A motion for leave to reargue is based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion (CPLR 2221 [d] [2]). A motion to renew is based upon new facts not offered on the prior motion that would change the prior determination and which contain a reasonable justification for the failure to present such facts on the prior motion. (CPLR 2221 [e] [2], [3].) The court notes that defendant’s combined motion for reargument and renewal is not in compliance with CPLR 2221 (f) since it does not identify and separately support each item of relief sought.
The branch of defendant’s motion seeking renewal is denied. Defendant’s motion contains no new facts and consequently renewal is not warranted. (Burgess v Charles H. Greenthal Mgt. Corp., 37 AD3d 151 [1st Dept 2007].)
The branch of defendant’s motion seeking reargument is granted and upon reargument the court adheres to the original determination in its decision/order dated December 14, 2006. Defendant asserts, in sum and substance, that once a plaintiff serves and files a note of issue (notice of trial), if that action is subsequently marked off calendar, even when the court strikes the note of issue, plaintiff is required to restore the action to the trial calendar within one year thereof or it shall be deemed abandoned pursuant to CPLR 3404. Defendant cites Muhammed v Manhattan Payment Ctr. (251 AD2d 228 [1st Dept 1998]) in support of its argument.
The court finds that defendant’s reliance on Muhammed is misplaced. In Lopez v Imperial Delivery Serv. (282 AD2d 190 [2d Dept 2001]) the Court faced the issue as to whether CPLR 3404 should be applied to cases where no note of issue has been filed. The Court conducted a thorough analysis of the interplay among CPLR 3404, 3216 and the Uniform Rules for Trial Courts and found that CPLR 3404 was not intended as a means by which to expedite the completion of discovery, but a tool for controlling the trial calendar. Consequently, the Lopez court held that CPLR 3404 does not apply to prenote cases. The reasoning and holding of Lopez was followed by the Appellate Division, First Department, in Johnson v Minskoff & Sons (287 AD2d 233 [2001]; see also, Martinez v Jesionowska, 30 AD3d 239 [1st Dept 2006]; Grant v City of New York, 17 AD3d 215 [1st Dept 2005]; Revell v New York Cares Org., 307 AD2d 214 [1st Dept *742 2003]; Behren v Warren, Gorham & Lamont, 301 AD2d 381 [1st Dept 2003]).
The rationale applied by the Lopez and Johnson courts appears to apply with equal force to cases in which a note of issue (notice of trial) has been vacated or stricken. (Vasquez v Gomez, 7 Misc 3d 958 [Sup Ct, Bronx County 2005].) See also Andre v Bonetto Realty Corp. (32 AD 3d 973, 974-975 [2d Dept 2006]), where the court stated as follows:
“CPLR 3404 is inapplicable to pre-note of issue cases (see Behren v Warren, Gorham & Lamont, 301 AD2d 381, 382 [2003]; Lopez v Imperial Delivery Serv., 282 AD2d 190, 198-199 [2001]). When a plaintiff withdraws the note of issue or when the note of issue has been vacated, the case reverts to its status as a prenote case (see Carte v Segall, 134 AD2d 396, 397 [1987]). This is not the equivalent of marking a post-note case off the trial calendar (see Reitman v St. Francis Hosp., 2 AD3d 429, 430 [2003]). In the absence of a 90-day notice pursuant to CPLR 3216, restoring a case marked ‘inactive’ is automatic (see Klevanskaya v Khanimova, 21 AD3d 350 [2005]; Bar-El v Key Food Stores Co., Inc., 11 AD3d 420 [2004]; 123X Corp. v McKenzie, 7 AD3d 769, 769-770 [2004]; Lucious v Rutland Nursing Home of Kingsbrook Jewish Med. Ctr., 2 AD3d 412 [2003]).” (See also, Clark v Great Atl. & Pac. Tea Co., Inc., 23 AD3d 510 [2d Dept 2005].)
Since CPLR 3404 does not apply to an action in pre-note stage, the remedy for a defendant in an action pending pre-note status is to serve a 90-day demand pursuant to CPLR 3216. (Andre, 32 AD3d at 975.)
In the case at bar, since the parties stipulated to strike the note of issue which was “So Ordered” by the court, this action reverted to pre-note (notice of trial) status and CPLR 3404 does not apply. No 90-day notice was served pursuant to CPLR 3216.
Accordingly, for the reasons stated above, the branch of defendant’s motion seeking renewal is denied. The branch of defendant’s motion seeking reargument is granted and upon re-argument the court adheres to this court’s original determination in its decision/order dated December 14, 2006, which denied defendant’s motion and the third-party defendant’s cross motion to dismiss plaintiffs complaint.