Antwine v Shervin Mgt., LLC (2019 NY Slip Op 02469)





Antwine v Shervin Mgt., LLC


2019 NY Slip Op 02469


Decided on April 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2019

Friedman, J.P., Gische, Tom, Gesmer, Moulton, JJ.


8864 302900/12

[*1]James Antwine, Plaintiff-Appellant,
v
Shervin Mgt., LLC, Defendant-Respondent.


Law Offices of Brian P. Wright & Associates, P.C., Lake Success (Anthony V. Gentile of counsel), for appellant.
Gennet, Kallman, Antin, Sweetman & Nichols, P.C., New York (Alan L. Korzen of counsel), for respondent.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered on or about March 5, 2018, which denied plaintiff's motion to renew a prior motion seeking to restore this action to the calendar, unanimously reversed, on the law, without costs, the motion granted, and the matter restored to the calendar.
This personal injury action arose in March 2012, after plaintiff slipped and fell on a staircase in a building owned by defendant. In June 2014, the Supreme Court denied defendant's motion for summary judgment, finding that defendant had failed to meet its prima facie burden. In August 2015, plaintiff obtained new counsel. On January 20, 2016, plaintiff's counsel failed to appear at a scheduled trial conference. Consequently, the action was marked off the trial calendar.
In March 2016, plaintiff moved to restore the action to the calendar, arguing that counsel's absence arose from a medical emergency. Defendant opposed the motion, arguing that plaintiff's counsel was not the attorney of record in January 2016. On or about April 8, 2016, the court denied plaintiff's motion to restore the action with the condition that he could renew his motion once he submitted proof of a valid substitution of counsel. On April 14, 2016, plaintiff's attorney filed a consent of attorney change form that had been signed and dated in August 2015. In January 2018, plaintiff moved to renew the prior motion seeking to restore this action (see CPLR 2221[e]; 3404). In support, he submitted valid proof of change of counsel per the April 2016 order, which was a new fact not offered in the prior motion (see CPLR 2221[e][2]; Burgess v Charles H. Greenthal Mgt. Corp., 37 AD3d 151, 151 [1st Dept 2007]). We also find that this motion was timely (CPLR 2221[e]).
A case may be restored to the calendar provided that the movant demonstrates "(a) the merits of his/her claim; (b) a lack of prejudice to the opposing party or parties; (c) a lack of intent to abandon the action; and (d) a reasonable excuse for the delay" (see Kaufman v Bauer, 36 AD3d 481, 482 [1st Dept 2007]; CPLR 3404). The evidence plaintiff submitted establishes a meritorious case, since he had survived defendant's motion for summary judgment and a question remained as to whether defendant had notice of the hazardous condition that caused his fall. Further, plaintiff has satisfied each of the other criteria. While defendant contends that it is prejudiced from the delay, the mere passage of time is not sufficient to establish prejudice (see Muriel v St. Barnabas Hosp., 3 AD3d 419, 421 [1st Dept 2004]).
We also find that the court erred by characterizing plaintiff's motion as one for leave to reargue when he had not specifically identified it as such (see CPLR 2221[d]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2019
CLERK