OPINION OF THE COURT
Bernard F. McCaffrey, J.
The critical issue to be determined in this application to *456 permanently stay respondent’s underinsured motorist proceeding concerns the applicability of the 20-day Statute of Limitations period under the 1992 legislation adopting what has been referred to as a revolutionary new filing system for commencing actions in the Supreme and County Courts (L 1992, ch 216, amending CPLR 304).
At the outset it should be noted that the new filing procedure also applies to special proceedings, such as in this instance, for a permanent stay of arbitration pursuant to CPLR 7503. Also, it should be particularly noted by the insurance Bar that this new commencement by filing law dramatically and drastically changes the manner in which a special proceeding to stay arbitration is commenced. Failure to strictly comply can result in the proceeding being unconditionally dismissed.
Respondent contends that petitioner Hartford Insurance Company’s application for a permanent stay of arbitration must be denied in that the notice of petition to stay arbitration was not timely filed.
Hartford contends that service was timely citing CPLR 7503 (c) that "[a]n application to stay arbitration must be made by the party served within twenty days after service upon him of the notice or demand, or he shall be so precluded. Notice of such application shall be served in the same manner as a summons or by registered or certified mail, return receipt requested. Service of the application may be made upon the adverse party, or upon his attorney if the attorney’s name appears on the demand for arbitration or the notice of intention to arbitrate. Service of the application by mail shall be timely if such application is posted within the prescribed period.”
It further notes that "the statute makes no mention of 'commencement’ in a timely fashion, rather it speaks only to the requirement that service be affected within the twenty (20) day statute of limitations.”
Thus, though upon first blush a reading of this portion of CPLR 7503 would appear to support petitioner’s contention; however, when as necessary this section is read in conjunction with CPLR 304 which concerns the commencement of an action or special proceeding, it becomes apparent that the Governor and the Legislature, in their zeal to enact this revenue-raising legislation, neglected to also amend this aspect of section 7503 to conform to the new commencement by filing procedures of section 304.
*457 Furthermore, it is obvious that requiring all actions to be commenced, by filing rather than service will result in an immediate increase in filing revenues but such is not the case as to special proceedings which already require a filing fee to be paid at the outset of the proceeding. Thus, not only was there no need to include special proceedings in the new commencement by filing legislation but also, more importantly, it results in an unfair and harsh result such as here where the petitioner has complied with the long-standing intent and purpose of the brief 20-day Statute of Limitations by posting the petition and notice to stay arbitration timely and filed and paid the fee within 23 days.
However, it matters not that respondent had adequate notice of the proceeding and in no way suffered any prejudice. Petitioner proceeded at its own peril and thus, in this instance, form prevails over substance.
Respondent’s May 26, 1994 demand for underinsured motorist arbitration was served on or about May 31, 1994. Petitioner subsequently posted its petition on or about June 20, 1994 — the 20th and final day available (CPLR 7503 [c]).
However, a special proceeding is commenced and the Statute of Limitations interposed "by filing a notice of petition or order to show cause with the clerk of the court” (CPLR 304). If a proceeding is timely commenced, proof of service must be filed within 15 days of when the statute expired (id., § 306-b). Indeed, if the proceeding was timely commenced but dismissed for failure to timely effect or file proof of service, a new proceeding may be commenced within 15 days despite the expiration of the statute.
Conversely, in this instance, petitioner apparently posted the petition timely on or about June 20, 1994 but failed to file until June 23, 1994 or three days later. The untimely filing was, therefore, a nullity. Under the new commencement by filing law, the filing, not service, starts the proceeding (CPLR 304; Siegel, NY Prac § 593 [2d ed 1991]). Moreover, the relief afforded by section 306-b is not available since the proceeding was never timely commenced. Likewise, the limited exception provided by section 304 (a five-day extension where "circumstances prevent immediate filing”) does not appear applicable as June 20, 1994 was a weekday (Monday). In any event, an application for an extension must precede the expiration of the Statute of Limitations.
Finally, contrary to petitioner’s assertion, its failure to *458 timely file was not "merely an administrative and procedural hurdle which does not affect timely service of the petition.” The new commencement by filing law (L 1992, ch 216), according to at least one commentator, "revolutionized” civil practice in this State (Alexander, 1992 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 304, 1994 Pocket Part, at 37).
Therefore, petitioner’s application pursuant to CPLR 7503 et seq., to permanently stay respondent’s underinsured motorist proceeding, is dismissed.