OPINION OF THE COURT
Helen E. Freedman, J.
*620 This special proceeding raises a previously undecided issue, namely, whether under the "commencement-by-filing” system in effect since 1992, an application to stay arbitration is timely if the petition is filed within the 20-day statutory period (CPLR 7503 [c]) but service is effected after 20 days.[1]
Petitioner National Union Fire Insurance Company (National Union) seeks to stay arbitration of respondent Elaine Hugee’s uninsured motorist claim on the ground that she has not demonstrated that the offending vehicle, owned and operated by one Larry W. Nelson, was uninsured at the time of the accident. In opposition, respondent claims that the petition to stay arbitration is untimely and jurisdictionally defective, and that Nelson’s insurance policy was cancelled prior to the accident.
The pertinent facts are as follows: on January 28, 1997, respondent, while a passenger aboard a vehicle owned by Evergreen Bus Service, Inc., and insured by petitioner National Union, was involved in an accident with Nelson’s automobile. On March 20, 1997, Hugee served a demand for arbitration of her uninsured motorist claim upon petitioner by certified mail, which was received on March 24, 1997. On April 11, 1997, petitioner filed a notice of petition (the Notice) and petition to stay arbitration with the Clerk of the Court. Petitioner then served the Notice upon respondent by posting it on April 17, 1997; it was received on April 21, 1997. In an affirmation submitted in opposition to the petition dated April 23, 1997, respondent claimed, inter alia, that the petition was untimely and jurisdictionally defective because the index number and the date of filing were omitted from the served Notice copy. In response, petitioner served an amended notice of petition (Amended Notice) on respondent by mail on April 24, 1997; the served Amended Notice contained the index number and filing date.
Timeliness of Application
CPLR 7503 (c) requires that "[a]n application to stay arbitration must be made by the party served within twenty days after service upon him of the notice [of intention to arbitrate] or demand [for arbitration], or he shall be so precluded”. In the *621 case of service of the notice or demand by mail, the 20-day period runs from the date of receipt. (Matter of Knickerbocker Ins. Co. [Gilbert], 28 NY2d 57, 65 [1971]; Monarch Ins. Co v Pollack, 32 AD2d 819, 819-820 [2d Dept 1969].)
Accordingly, petitioner had until April 13, 1997 — 20 days after receipt of the Notice or demand — to apply for a stay. Under CPLR 304 — the core statute of the "commencement-by-filing system” — "[a] special proceeding is commenced by filing a notice of petition * * * and a petition with the clerk of the court”. Respondent acknowledges that the April 11th filing was timely. Respondent also implicitly concedes that the petitioner filed proofs of service of the Notice and the Amended Notice within 15 days after April 13, as required under CPLR 306-b (a) which provides that, "in an action or proceeding where the applicable statute of limitations is four months or less * * * proof of service must be filed not later than fifteen days after the date on which the applicable statute of limitations expires.”
Respondent contends, however, that petitioner’s application is untimely because service of the Notice was not effected within 20 days after petitioner’s receipt of the demand for arbitration. In support, respondent points to the penultimate sentence of CPLR 7503 (c), which provides that "[s]ervice of the application [to stay arbitration] by mail shall be timely if such application is posted within the prescribed period.” The "prescribed period” in question, respondent claims, is the 20-day period to apply for a stay.
Respondent interprets CPLR 7503 (c) as imposing a deadline for service that is shorter than that required under CPLR 306-b (a), pursuant to which petitioner had an additional 15 days after the 20-day period to serve and file proof of service. This interpretation is inconsistent with the over-all statutory scheme making New York a commencement-by-filing State as set forth in chapter 216 of the Laws of 1992. The 1992 act omitted any changes to CPLR 7503 (c). However, the penultimate sentence in CPLR 7503 (c) was added in 1973 (L 1973, ch 1028, § 1), at a time when proceedings to stay arbitration were commenced by service of process. Under CPLR 7503 (c), service in a proceeding to stay arbitration may be effected by mailing, as well as by the methods used to serve a summons. The 1973 amendment to CPLR 7503 (c) afforded applicants for stays of arbitration additional time to meet the brief 20-day deadline by providing that, in the case of mail service, a proceeding was commenced as of the date of posting, and not as of the date of receipt. The legislative purpose underlying the addition of this *622 provision has largely been obviated by the commencement-by-filing system, under which the timeliness of a special proceeding is measured not by the date of service, but by the date of filing initiatory papers with the clerk of the court. (CPLR 203 [c] [1].)
Although the provisions of CPLR 306-b (a) and 7503 (c) appear to be in conflict, they should be harmonized so as to effect the clearly enunciated legislative purpose. "When two statutory or regulatory provisions are potentially in conflict, they should be construed in such a manner that the overriding purposes of both can be preserved”. (Matter of Lumpkin v Department of Social Servs., 59 AD2d 485, 490 [3d Dept 1977], affd 45 NY2d 351, appeal dismissed 439 US 1040 [1978].) In light of CPLR sections providing for the commencement-by-filing and for service by mail of applications to stay arbitration, the relevant sentence of CPLR 7503 (c) should be read as follows: Mail service of an application to stay arbitration is timely if the application is posted within the "prescribed period” for service under CPLR 306-b (a), i.e., within 15 days after the 20-day period of limitations ends.[2]
Jurisdictional Defects
In the instant case, both the index number and the date of filing were omitted from the original notice of petition. However, both were cured within the 15 days provided for service under CPLR 306-a. CPLR 305 (a) requires that: "A summons shall * * * bear the index number assigned and the date of filing with the clerk of the court.” Respondent argues for dismissal on the ground that the petition to stay arbitration is jurisdictionally defective because the index number and the date of filing were omitted on the notice of petition.
*623 In Yeger v Yeger (NYLJ, Apr. 2, 1993, at 33, col 1 [Sup Ct, Kings County]) the court held that omission of the date of filing is a mere irregularity, not a jurisdictional defect. Defendant sought to dismiss the action because plaintiff failed to include the date of filing on the petition, although not the index number. The Yeger court reasoned that in view of the lack of prejudice, the omission was "a mere irregularity which can be corrected.” (Yeger v Yeger, NYLJ, Apr. 2, 1993, at 33, col 1 [Sup Ct, Kings County].)
The failure to include the index number was addressed in Chira v Global Med. Review (160 Misc 2d 368 [Sup Ct, Rockland County]). Holding that such omission is not a cause for dismissal, the court reasoned (at 369), "Prior to its repeal by chapter 216 of the Laws of 1992, CPLR former 306-a provided that service of a summons which did not bear an assigned index number was deemed a nullity. Although CPLR 305 (a) requires a summons to bear the index number assigned and the date of filing, the Legislature saw fit not to reenact the provision deeming the lack of an index number a jurisdictional defect.” In Federal Deposit Ins. Corp. v Eckman (NYLJ, Oct. 17, 1994, at 27, col 4 [Sup Ct, NY County]) defendant sought dismissal on the ground that both the index number and the date of filing were omitted. The court there found the summons jurisdiction-ally defective stating (at 27, col 4), "Knowledge of the date of commencement of the action would inform defendant as to whether process was served within the time frame imposed by CPLR 306-b(a) and would necessarily affect defendant’s defense strategies relating to the statute of limitations.”
Since petitioner here has served the Amended Notice and filed a proof of service on April 24, 1997 within the time frame authorized by CPLR 306-b (a), no prejudice can be shown and there is no jurisdictional defect.
Insurance Coverage of Offending Vehicle
The status of Nelson’s insurance at the time of the accident is an issue of fact to be resolved at a hearing. Both parties submit the following: a police report of the accident, a form letter from Empire Insurance Grojip addressed to "Reid Wissner” (counsel for respondent), and a notice of termination issued by Allcity Insurance Company, an affiliate of Empire Insurance Group and Nelson’s alleged insurer. Petitioner also submits the Department of Motor Vehicles record expansion. No conclusive evidence verifying the actual cancellation of Nelson’s insurance has been submitted. The record expansion does *624 not indicate that Nelson’s policy was cancelled at the time of the accident on January 28, 1997. The form letter addressed to Reid Wissner, which states that Nelson’s policy with Empire Insurance Group had been cancelled, is suspect because it is not signed by the insurance company’s examiner. Additionally, the policy cancellation indicated on the form letter "(1/20/96)” conflicts with the termination date on the notice of termination issued by Allcity Insurance Company (Jan. 20, 1997). That notice of termination, addressed to Nelson and dated December 31, 1996, threatened cancellation as of January 20, 1997, for nonpayment of the premium. No evidence is submitted as to whether Nelson paid the amount due before the termination date.
Findings
Accordingly, it is ordered that the application to stay arbitration is granted to the extent that a trial is directed of the preliminary issues as to the offending vehicle’s insurance coverage at the time of the accident and the arbitration is stayed pending such trial, and it is further ordered that the Trial Support Clerk is directed to assign this matter to an appropriate part for trial upon receipt of a copy of this order with notice of entry, the filing of a note of issue and a statement of readiness, and the payment of appropriate fees, if any, and it is further ordered that Larry W. Nelson and Empire/Allcity Insurance Company shall be added as party respondents upon service upon said party respondents of a copy of this order with notice of entry, together with copies of all papers previously served in the proceeding, and it is further ordered that the caption of this proceeding is amended to reflect inclusion of said additional party respondents and the Clerk of this court and the Trial Support Clerk (room 158), upon service on them of a copy of this order with notice of entry, shall mark their records to reflect the amendment.

. In another case, Matter of Hartford Ins. Co. v Lenkofsky (162 Misc 2d 455 [Sup Ct, Nassau County 1994]), the court considered the factual converse: petitioner served respondent within the 20-day period but filed the petition afterwards. The court found the application time barred under CPLR 304 and 7503 (c).

. In his Practice Commentary, Professor Vincent C. Alexander has proposed another construction of the statute: "[Section] 7503’s statement that service of an application by mail 'shall be timely’ if posted within the 20-day statute of limitations should not be read as saying that such posting is the only means by which service by mail shall be considered timely * * * The subsequent [to filing] service of the application papers on the respondent, whether made by mail or any other permissible method, should be considered timely if accomplished within the post-filing time frame authorized by CPLR 306-b (a) * * * There is no reason why the new commencement-by-filing provisions of the CPLR should not apply to all aspects of the commencement of a special proceeding to stay arbitration.” (Alexander, 1992 Supp Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR C7503:12, 1997 Pocket Part, at 111-112.) Professor Alexander’s interpretation, of course, leads to the same result as the court’s: mail service of an application to stay arbitration is timely if it is posted within 15 days of the deadline for filing.