■ In the Matter of the Arbitration between STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent, and DUANE M. RICKARD et al., Appellants. [674 NYS2d 141] —Mikoll, J. P. Appeal from an order of the Supreme Court (Hughes, J.), entered September 3, 1997 in Schoharie County, which, inter alia, granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

On November 9, 1994, respondent Duane M. Rickard was injured in a motor vehicle accident when struck by another vehicle operated by Gaye Shulman and owned by Peter Shulman. Respondents were insured under a policy issued by petitioner. The policy included a supplementary uninsured motorist endorsement. Duane Rickard's medical care was paid by the no-fault portion of his policy with petitioner. In April 1977, respondents sued the Shulmans, who had listed an address in the Village of Richmondville, Schoharie County, on the accident report. Peter Shulman appeared, pro se, in the action listing a South Carolina address and submitted an answer denying that he was or ever had been a resident of New York. Gaye Shulman did not appear. The accident report bore an insurance code number used by American Home Assurance

Company. On August 2, 1996, American Home Assurance Company served a disclaimer contending that the policy issued to Peter Shulman had been canceled at 12:01 A.M. of the very day of the accident.

On April 3, 1997, respondents served upon petitioner a demand for arbitration by certified mail, return receipt requested, which was received by petitioner on April 4, 1997. On April 24, 1997, the notice of petition and petition to stay arbitration was mailed to counsel for respondents via certified mail, return receipt requested, and to the Schoharie County Clerk's office. The application was received by the County Clerk's office on April 25, 1997, on which date an index number was purchased. On May 15, 1997, respondents' counsel served a notice of motion on petitioner to dismiss the petition and to compel arbitration. Supreme Court granted a temporary stay of arbitration for purposes of holding a hearing to inquire into the question of insurance coverage and/or the joinder of additional parties. This appeal ensued.

Two issues are raised on this appeal: whether Supreme Court erred in finding that the proceeding to stay arbitration was timely commenced, and whether the court properly found that the potential existence of insurance coverage required a hearing before arbitration proceeded. Respondents urge that the proceeding was not timely commenced by service pursuant to CPLR 7503 (c) because CPLR 304 now mandates that a special proceeding be initiated by filing (which, in this case, did not occur until after the limitations period had expired). We agree.

Prior to the enactment of the commencement-by-filing provisions of CPLR 304, it was clear that a proceeding of this type could be commenced by, *inter alia*, service by mail of the application within 20 days after receipt of a demand for arbitration (*see*, CPLR 7503 [c]; *see also*, CPLR former 304). It is now equally clear, however, that a special proceeding, which includes a proceeding to stay arbitration, is no longer commenced by service, but rather by the filing of a petition and notice of petition (*see*, CPLR 304) and that service of these papers must be effected and proof thereof filed within 15 days of the expiration of the limitations period (*see*, CPLR 306-b [a]; *Matter of Gershel v Porr*, 89 NY2d 327, 330-331; *Matter of Spodek v New York State Commr. of Taxation & Fin.*, 85 NY2d 760; *National Union Fire Ins. Co. v Hugee*, 173 Misc 2d 619; *see also*, Alexander, 1995 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C7503:9, 1997-1998 Interim Pocket Part, at 119; Alexander, 1992 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR

C7503:12, 1997-1998 Interim Pocket Part, at 120-121). Insofar as the method of commencement of the proceeding and the timeliness of service of the application are concerned, therefore, the provisions of CPLR 304 and 306-b (a) control.

Applying these provisions to the case at bar, the proceeding herein was not timely commenced in that the purchase of an index number and the filing of the application did not occur until April 25, 1997, 21 days after petitioner's receipt of the demand for arbitration. In view of this conclusion, we do not address the parties' remaining contentions.

Crew III, Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, and application denied.