■ AMERICAN CONTINENTAL PROPERTIES, INC., et al., Appellants, v MICHAEL LYNN, Respondent. [822 NYS2d 1]—

Orders, Supreme Court, New York County (Rolando T. Acosta, J.), entered August 9 and August 10, 2005, which, in an action for architectural malpractice, granted defendant's motion to "strike" plaintiffs' motion for summary judgment and denied plaintiffs' cross motion to vacate the dismissal of the action pursuant to 22 NYCRR 202.27, unanimously affirmed, without costs.

There is no dispute that, as reflected in the court's computerized records, the action was dismissed on February 28, 1997 pursuant to 22 NYCRR 202.27 (c) when both sides failed to appear for a preliminary conference. That an order of dismissal was never signed by the conference court and entered does not render the dismissal ineffective or relieve plaintiffs of the burden of showing a reasonable excuse for their failure to appear at the conference and a meritorious cause of action (*see Saunders v Riverbay Corp.*, 17 AD3d 137 [2005]; *Campos v New York City Health & Hosps. Corp.*, 307 AD2d 785 [2003]). We reject the distinction plaintiffs draw between a dismissal upon a plaintiff's failure to appear at a conference (22 NYCRR 202.27

[b]), and a dismissal upon both sides' failure to appear at a conference (22 NYCRR 202.27 [c]), and their argument that the latter circumstance, if not the former, requires entry of a signed order for the dismissal to be effective. We also note that absent deceitful or other culpable conduct by plaintiffs' attorney that might have caused defendant's attorney to forgo submitting a dismissal order and serving it with notice of entry, plaintiffs had a year to make a motion to vacate the 22 NYCRR 202.27 dismissal, measured from service of a copy of the dismissal order with notice of entry (CPLR 5015 [a] [1]). Since such an order was never served, the year never began to run, and plaintiffs' motion to vacate the dismissal was timely. Any prejudice caused defendant by the eight-year postdismissal delay is not a consideration in deciding whether to vacate the dismissal (*see Acevedo v Navarro*, 22 AD3d 391 [2005]).

Nevertheless, it is also undisputed that the February 6, 1997 notice was received by counsel for both parties. Thus, in the absence of a signed stipulation or admission by defendant's attorney, we reject plaintiffs' attorney's representation that he and defendant's attorney had orally agreed to cancel the conference and to take no steps in the instant action pending resolution of a related action (CPLR 2104) and find that plaintiffs fail to show a reasonable excuse for their failure to appear at the conference that was scheduled for February 28, 1997. Concur—Mazzarelli, J.P., Andrias, Nardelli, Gonzalez and Malone, JJ.