■ ANA PEREZ, Appellant, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents. [850 NYS2d 75]—

Order, Supreme Court, Bronx County (Janice L. Bowman, J.), entered on or about August 7, 2006, which, in an action for personal injuries, denied plaintiff's motion to vacate a prior order dismissing the action, unanimously affirmed, without costs.

The court's computerized records, which were not included in the record but of which we take judicial notice (*cf. Crawford v Liz Claiborne, Inc.*, 45 AD3d 284 n 1 [2007]; *Joseph v Morris Apts. Corp.*, 236 AD2d 297 [1997]), show that in accordance with the warning in the court's scheduling notice dated November 23, 2004, admittedly received by plaintiff's attorney, the action was dismissed on March 2, 2005 pursuant to 22 NYCRR 202.27 when plaintiff failed to appear for a pre-note of issue conference. That an order of dismissal was never signed by the court and entered does not render the dismissal ineffective or relieve plaintiff of the burden of showing a reasonable excuse for her failure to appear at the conference and a meritorious cause of action, as required in a motion to vacate the dismissal of an action pursuant to 22 NYCRR 202.27 (*American Cont. Props., Inc. v Lynn*, 32 AD3d 700, 700 [2006], *lv dismissed* 7 NY3d 921 [2006]). The conclusory and perfunctory claim of law office failure asserted by plaintiff's attorney—due to the solo practitioner's overbooking of cases and inability to keep track of his appearances—does not constitute a reasonable

excuse (see *Achampong v Weigelt*, 240 AD2d 247, 248 [1997]), particularly in view of plaintiff's pattern of dilatory behavior in prosecuting the matter (see *Walker v City of New York*, 46 AD3d 278 [2007]; *Metral v Bonifacio*, 309 AD2d 724 [2003]). In the latter regard, it appears that an extant November 1997 preliminary conference order directed the filing of a note of issue and certificate of readiness by November 1998, and that there was no significant activity in the case for some four years prior to the March 2005 conference. We would add, as did the motion court, that plaintiff also fails to show a meritorious cause of action. We have considered plaintiff's other arguments and find them unavailing. Concur—Lippman, P.J., Saxe, Nardelli, Williams and Moskowitz, JJ.