■ DUDLEY CATO, Appellant, v CITY OF NEW YORK et al., Respondents. [895 NYS2d 48]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered November 21, 2008, which denied plaintiff's motion to vacate dismissal of the action and restore the matter to the calendar, unanimously affirmed, without costs.

Whether the action was dismissed for want of prosecution (CPLR 3216) as indicated in the computerized court records, of which we take judicial notice (*see Perez v New York City Hous. Auth.*, 47 AD3d 505 [2008]), or for failure to appear (22 NYCRR 202.27), plaintiff, in seeking to vacate the dismissal, was required to demonstrate both a satisfactory excuse for his default in appearing at a scheduled conference and a meritorious cause of action (*see* CPLR 5015 [a]; *Saunders v Riverbay*

*Corp.*, 17 AD3d 137 [2005]). Plaintiff's counsel's perfunctory and conclusory assertion that it appeared the firm had not received notice of the date was inadequate, particularly in the context of the pattern of repeated, extended and unexplained delays in prosecuting the action over the course of a decade (*see Perez*, 47 AD3d 505 [2008], *supra*; *Campos v New York City Health & Hosps. Corp.*, 307 AD2d 785 [2003]; *compare Donnelly v Treeline Cos.*, 66 AD3d 563 [2009]). The pattern of near complete disregard of the action continued for the next three years following the dismissal, during which plaintiff took no steps to complete discovery or file a note of issue, although it appears from the computerized court files that a conference order requiring such actions had been issued more than 90 days prior to the dismissal (*Vinikour v Jamaica Hosp.*, 2 AD3d 518 [2003]).

Although plaintiff was not required to show an absence of prejudice to defendants in order to have the case restored, it is evident that witnesses' memories will have faded in the more than 14 years since plaintiff's alleged wrongful arrest and three-hour detention (*see Krantz v Scholtz*, 201 AD2d 784, 785 [1994], *lv dismissed* 83 NY2d 902 [1994]). Concur—Mazzarelli, J.P., Acosta, Renwick and Freedman, JJ.