In the Matter of GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant, v AHMAD MORRIS, Respondent-Respondent. TAMERA L. COMPASSO et al., Proposed Respondents. [919 NYS2d 908]—

In a proceeding pursuant to CPLR article 75 to stay arbitration of an uninsured motorist claim, the petitioner appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Orange County (Bartlett, J.), dated June 14, 2010, as denied that branch of the petition which was to stay arbitration and dismissed the proceeding.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, that branch of the petition which was to stay arbitration is reinstated, and the matter is remitted to the Supreme Court, Orange County, for joinder of the proposed additional respondents as necessary parties and, thereafter, a determination of that branch of the petition which was to stay arbitration.

As the petitioner correctly points out, the timeliness of a proceeding for a stay of arbitration is measured with respect to the earlier filing of the petition, not with respect to its later service (see CPLR 304, 7502 [a]; e.g. Matter of State Farm Mut. Auto. Ins. Co. [Rickard], 250 AD2d 896, 897 [1998]). The Supreme Court erred in dismissing the proceeding based on the untimeliness of the proceeding. We note that the respondent-respondent, Ahmad Morris, does not contest the issue of timeliness on appeal, and he did not raise the issue of timeliness in his submissions in Supreme Court.

We also agree with the petitioner that it made a sufficient showing that the offending vehicle might have been insured at the time of the accident to warrant a framed-issue hearing (see Matter of AutoOne Ins. Co. v Hutchinson, 71 AD3d 1011 [2010]; Matter of Continental Ins. Co. v Biondo, 50 AD3d 1034 [2008]). Morris's own attorney, in her affirmation in opposition to the petition, acknowledged that the offending vehicle had been insured up until a few hours before the accident (cf. Matter of Peerless Ins. Co. v Milloul, 140 AD2d 346 [1988]). Further, in his submissions in the Supreme Court, Morris did not advance any argument opposing the admissibility of the police report upon which the petitioner relied (see CPLR 4518) to show that the offending vehicle might have been insured at the time of the accident (see Matter of AutoOne Ins. Co. v Hutchinson, 71 AD3d 1011 [2010]).

Contrary to the petitioner's contention on appeal, it did not demonstrate the need for an order directing disclosure in the aid of arbitration (see CPLR 3102 [c]). There is no proof that Morris has refused to comply with any legitimate discovery demand made upon him by the petitioner. Moreover, Morris's attorney, in her affirmation in opposition, stated that Morris would "comply with all requisite pre-arbitration demands for discovery to the extent relevant and necessary."

For these reasons, the order and judgment must be reversed insofar as appealed from, that branch of the petition which was to stay arbitration must be reinstated, and the matter must be remitted to the Supreme Court, Orange County, for joinder of the proposed additional respondents as necessary parties and, thereafter, a determination of that branch of the petition which was to stay arbitration. Dillon, J.P., Leventhal, Chambers and Austin, JJ., concur.