(October 23, 2014)

■ RICHARD C. LEE et al., Appellants, v DOW JONES & COMPANY, INC., Respondent. RICHARD C. LEE, Appellant, v NEW YORK CITY INDUSTRIAL DEVELOPMENT AGENCY et al., Respondents. RICHARD

C. Lee et al., Appellants, v Principal Building Services, Inc., et al., Defendants. [993 NYS2d 897]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered January 30, 2014, which granted defendant Dow Jones & Company, Inc.'s motion to dismiss the complaint, and denied, as moot, plaintiffs' cross motion to consolidate the three actions, unanimously reversed, on the law, without costs, the motion denied, and the cross motion granted.

In the circumstances presented, the court improperly considered affidavits and deposition testimony submitted by defendant in deciding its CPLR 3211 (a) (7) motion to dismiss the complaint. CPLR 3211 (a) (7) "limits [the court] to an examination of the pleadings to determine whether they state a cause of action" (*Miglino v Bally Total Fitness of Greater N.Y., Inc.*, 20 NY3d 342, 351 [2013]; *Rovello v Orofino Realty Co.*, 40 NY2d 633 [1976]). "Modern pleading rules are 'designed to focus attention on whether the pleader has a cause of action rather than on whether he has properly stated one' " (*id.* at 636). Here, defendant's submissions regarding "special employment" did not negate the elements of plaintiffs' complaint, which asserts common law negligence. Indeed, in their opposition papers, plaintiffs argued that since they had not yet had discovery, a motion for summary judgment was premature, and they "request[ed]" that the motion court decline to treat defendant's motion as a motion for summary judgment.

Defendant does not oppose consolidation of the three actions (*see* CPLR 602 [a]; *Amcan Holdings, Inc. v Torys LLP*, 32 AD3d 337 [1st Dept 2006]). Concur—Gonzales, P.J., Saxe, DeGrasse, Richter and Clark, JJ.