◼ In the Matter of TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, Appellant, v RICHARD ARCHIBALD, Respondent. LILIA BARNES et al., Proposed Additional Respondents-Respondents. [2 NYS3d 92]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered July 16, 2013, which denied the petition to stay an uninsured motorist arbitration commenced by respondent Richard Archibald, unanimously reversed, on the law and the facts, without costs, and the matter remitted to Supreme Court for a framed issue hearing.

Even though CPLR 7503 (c) says, "An application to stay

arbitration must be made by the party served [with a notice or demand for arbitration] within twenty days after *service* upon him of the notice or demand" (emphasis added), case law establishes that, when the notice or demand is mailed—as it was in the case at bar—"[t]he notice to arbitrate does not start the time to respond until *receipt*" (*Matter of Knickerbocker Ins. Co. [Gilbert]*, 28 NY2d 57, 64 [1971] [emphasis added]).

Proposed additional respondents took the position in the motion court that petitioner received Archibald's demand for arbitration on August 20, 2012. They did not argue that there was insufficient evidence of the date on which petitioner received the demand. If they had made this argument, petitioner could have submitted additional evidence. Hence, proposed additional respondents may not argue for the first time on appeal that petitioner failed to submit sufficient evidence of the date of receipt (*see e.g. Ta-Chotani v Doubleclick, Inc.*, 276 AD2d 313 [1st Dept 2000]).

The issue of whether an application to stay arbitration is "made" (CPLR 7503 [c]) when the petition is filed, as opposed to when it is served, is a purely legal one; hence, it "may properly be considered by this Court for the first time on appeal" (*Branham v Loews Orpheum Cinemas, Inc.*, 31 AD3d 319, 323 n 2 [1st Dept 2006], *affd* 8 NY3d 931 [2007]). In fact, an application is made when the petition is filed (*see e.g. Matter of Government Empls. Ins. Co. v Morris*, 83 AD3d 709, 710 [2d Dept 2011]; *Matter of State Farm Mut. Auto. Ins. Co. [Rickard]*, 250 AD2d 896, 897 [3d Dept 1998]; CPLR 304 [a]). Nonetheless, the trial court held that the petition was untimely because it was not served within 20 days from the date that petitioner received the demand for arbitration.

The Supreme Court Records On-Line Library shows that petitioner timely filed its petition on September 7, 2012, within 20 days of its receipt of the demand for arbitration on August 20, 2012. We take judicial notice of this undisputed fact (*see Cato v City of New York*, 70 AD3d 471 [1st Dept 2010]). Thus, petitioner has made a prima facie case for staying arbitration, and a framed issue hearing is required. Concur—Acosta, J.P., Moskowitz, Richter, Feinman and Clark, JJ.