OPINION OF THE COURT
Richard F. Braun, J.
This is an action with two formally designated causes of action, for legal malpractice and breach of contract, plus numerous others mentioned by pro se plaintiff in his papers, in connection with defendant’s representation of plaintiff in a criminal prosecution in the United States District Court, District of New Jersey, in which plaintiff pleaded guilty. Defendant moves to dismiss the complaint, pursuant to CPLR 3211 (a) (8), because service of the summons and complaint was not completed within the required 120 days of filing thereof, in violation of CPLR 306-b, and for failure to state a cause of action under CPLR 3211 (a) (7). Plaintiff filed a “Counter Motion” “pursuant to NY State Court Rules L.R. 83.1,” “Rule 47-Jury Trials-Civil Actions,”[1] and “for Discovery.”[2]
The first issue to determine is whether to apply New York or New Jersey law. Matters of procedure are to be *667 determined under New York law (see Tanges v Heidelberg N. Am., 93 NY2d 48, 53 [1999]; Lerner v Prince, 119 AD3d 122, 127-128 [1st Dept 2014]). Whether the summons and complaint were timely served is a procedural issue under CPLR 306-b, a New York statute governing the time period of service of process to obtain personal jurisdiction over a party in a New York action (see Federal Ins. Co. v Fries, 78 Misc 2d 805, 808 [Civ Ct, NY County 1974] [“matters dealing with the conduct of the litigation are procedural”]). The summons and complaint were not timely served within the required 120 days under CPLR 306-b,[3] and plaintiff did not seek leave to extend the time in which to serve them and does not do so in his “Counter Motion” (see Qing Dong v Chen Mao Kao, 115 AD3d 839, 840 [2d Dept 2014]; Webb v Greater N.Y. Auto. Dealers Assn., Inc., 93 AD3d 561, 562 [1st Dept 2012]). Thus, the motion must be granted for this reason.
As to whether the complaint alleges a cause of action, “[t]he first step in any case presenting a potential choice of law issue is to determine whether there is an actual conflict between the laws of the jurisdictions involved” (Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.], 81 NY2d 219, 223 [1993]; see generally Cooney v Osgood Mach., 81 NY2d 66, 72-73 [1993]). Here, there is no conflict. Plaintiffs complaint fails to state a cause of action under both New York and New Jersey law.
On a motion pursuant to CPLR 3211 (a) (7), a complaint must be liberally construed, the factual allegations therein must be accepted as true, the plaintiff must be given the benefit of all favorable inferences therefrom, and the court must decide only whether the facts alleged fall under any recognized legal theory (Miglino v Bally Total Fitness of Greater N.Y., Inc., 20 NY3d 342, 351 [2013]; Lee v Dow Jones & Co., Inc., 121 AD3d 548, 549 [1st Dept 2014]; Siegmund Strauss, Inc. v East *668 149th Realty Corp., 104 AD3d 401, 403 [1st Dept 2013]). This motion also must be granted under CPLR 3211 (a) (7).
Where a plaintiff pleads guilty in an underlying criminal prosecution, expressly admitting his or her guilt, and that plea remains undisturbed, it precludes a legal malpractice claim as a matter of law (see Carmel v Lunney, 70 NY2d 169, 173 [1987] [“To state a cause of action for legal malpractice arising from negligent representation in a criminal proceeding, plaintiff must allege his innocence or a colorable claim of innocence of the underlying offense, for so long as the determination of his guilt of that offense remains undisturbed, no cause of action will lie. Here, because plaintiffs conviction by plea of a misdemeanor violation of the Martin Act has not been successfully challenged, he can neither assert, nor establish, his innocence. He has thus failed to state a cause of action” (citation omitted)]; Alampi v Russo, 345 NJ Super 360, 371, 785 A2d 65, 72 [2001] [to permit the plaintiff in a legal malpractice action to “go behind his federal guilty plea . . . would undermine the integrity of the federal guilty plea in pursuit of a highly speculative thesis — that plaintiff would have achieved an ‘optimum outcome’ of no prosecution if his first attorney had in retrospect used different tactics”]). Moreover, in pleading guilty before the District Judge, plaintiff acknowledged the factual basis for the guilty plea, that he entered it willingly and voluntarily, and that he was satisfied with his attorney’s representation, and that court found that there was a factual basis for the plea of guilty (cf. Schiller v Bender, Burrows & Rosenthal, LLP, 116 AD3d 756, 757-758 [2d Dept 2014] [“The plaintiff’s allegations that he was coerced into settling the litigation were utterly refuted by his own admissions during the settlement proceeding that he had discussed the terms of the settlement with his attorneys, that he understood the settlement terms and had no questions about them, that he was entering into the settlement freely, of his own volition, and without undue influence or coercion, and that he was satisfied with his legal representation.” Thus, the legal malpractice cause of action was dismissed, upon a CPLR 3211 (a) (7) motion]).
Plaintiff correspondingly also fails to plead a factual basis for a breach of contract cause of action[4] (see Harris v Seward Park Hous. Corp., 79 AD3d 425, 426 [1st Dept 2010]; Murphy v *669 Implicito, 392 NJ Super 245, 265, 920 A2d 678, 689 [2007]); civil conspiracy[5] among defendant, a partner in his law firm, the United States Attorney’s Office in Newark, New Jersey Governor Chris Christie, and Mayor James Cahill “to have [plaintiff] set-up”; or any other cognizable claim.
Accordingly, by separate decision and order, dated May 12, 2015, the motion was granted and the complaint dismissed, and the plaintiffs “Counter Motion” was denied.

. There are no such New York rules.

. Subsequently, plaintiff submitted a separate motion requesting clarification. The court then denied that motion as improperly returnable directly in the court’s Part because the motion should have been made returnable in the Motion Submission Courtroom 130 (New York County Supreme Court, Civil Branch, Rules of Justices, rule 13 [a]), and furthermore there was no indication that a filing fee for that motion had been paid (although plaintiff later sent to the court an order by another justice granting poor person status for plaintiff, an inmate).
An additional submission by plaintiff designated as a “rebuttle reply” constitutes an unauthorized, post-submission surreply (New York County *667 Supreme Court, Civil Branch, Rules of Justices, rule 14 [c]). Even if the “rebuttle reply” were considered, it would not alter the court’s analysis.

. Although defendant failed to provide a copy of the affidavit of service of the summons and complaint, plaintiff provided it as an exhibit to his “rebuttle reply” papers, which showed service of the summons and complaint on November 21, 2014. The complaint with the index number of this action was filed on May 27, 2014. The court system computer shows that the summons was filed on the same date as the complaint, of which the court can take judicial notice (Matter of Travelers Prop. Cas. Co. of Am. v Archibald, 124 AD3d 480, 481 [1st Dept 2015]; Cato v City of New York, 70 AD3d 471 [1st Dept 2010]).

. Although only alluded to by defendant, the breach of contract claim is duplicative of the malpractice claim under both New York and New Jersey law, and thus is dismissible for that reason also (see Fross, Zelnick, Lehrman *669 & Zissu, P.C. v Geer, 120 AD3d 1157, 1158 [1st Dept 2014] [“The breach of contract counterclaim is duplicative of the legal malpractice claim, since it is based on the same factual allegations that underlie the malpractice counterclaim”]; Voutsas v Hochberg, 103 AD3d 445, 446 [1st Dept 2013]; Portes v Tan, 2014 WL 463140, *10, 2014 NJ Super Unpub LEXIS 224, *28-29 [Feb. 6, 2014, No. A-3940-11T3] [“When the ‘essential factual allegations upon which (a plaintiffs claim) rests’ are that the defendants’ performance of the professional work for which the plaintiff retained them fell short of the skill that an average member of the defendants’ profession ordinarily possesses, and of the care that an average member ordinarily exhibits in similar circumstances, the claim is one for professional malpractice, even if the plaintiff denominates it as a claim for breach of contract”]).

. Though not argued by defendant, under New York law, there is no separate civil cause of action for conspiracy (Jebran v LaSalle Bus. Credit, LLC, 33 AD3d 424, 425 [1st Dept 2006]; see Alexander & Alexander of N.Y. v Fritzen, 68 NY2d 968, 969 [1986] [“Allegations of conspiracy are permitted only to connect the actions of separate defendants with an otherwise actionable tort”]).