HSBC Mtge. Corp. (USA) v Marble Hill at 29, Inc. (2021 NY Slip Op 05922)





HSBC Mtge. Corp. (USA) v Marble Hill at 29, Inc.


2021 NY Slip Op 05922


Decided on October 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 28, 2021

Before: Renwick, J.P., González, Kennedy, Scarpulla, Rodriguez, JJ. 


Index No. 110781/10 Appeal No. 14512 Case No. 2020-01160 

[*1]HSBC Mortgage Corporation (USA), Plaintiff-Appellant,
v
Marble Hill At 29, Inc., Defendant-Respondent, Abdelrahman Harb Also Known as Abdel Rahman Harb etc., et al. Nonparty Defendants.


D.J. & J.A. Cirando, PLLC, Syracuse (John A. Cirando of counsel), for appellant.
Brian McCaffrey, P.C., Jamaica (Brian McCaffrey of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered July 26, 2019, which, to the extent appealed from, denied plaintiff's motions for an order of reference and to vacate an earlier dismissal of this action, and granted intervenor defendant Marble Hill at 29 Inc.'s cross motion to dismiss the foreclosure complaint, unanimously affirmed, without costs.
The court properly granted Marble Hill at 29 Inc.'s cross motion pursuant to CPLR 1013 to intervene in this mortgage foreclosure action, since, having obtained title to the subject property from the mortgage borrower by quitclaim deed, Marble Hill had a real and substantial interest in the outcome of the action (see generally Capital Resources Co. v Prewitt, 266 AD2d 176 [2d Dept 1999]).
The record shows that the action was dismissed on May 21, 2013, after plaintiff failed to appear for a mandatory court conference (see 22 NYCRR 202.27). Contrary to plaintiff's contention, whether or not the court issued an order of dismissal, the complaint was dismissed (Saunders v Riverbay Corp., 17 AD3d 137 [1st Dept 2005]; American Cont. Props., Inc v Lynn, 32 AD3d 700 [1st Dept 2006], lv dismissed 7 NY3d 921 [2006]). In moving, five years later, for leave to vacate the dismissal, plaintiff failed to proffer a reasonable excuse for its default (see Saunders, 17 AD3d 137). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 28, 2021